WEBSTER v. TOWN OF WHITE PLAINS.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. TOWNS—ISSUANCE OF BONDS—POWERS OF SUPERVISORS—STATUTES—REPEAL.
   Laws 1892, p. 1761, c. 686, § 69, as amended by Laws 1894, p. 320, c. 163, Laws 1895, p. 530, c. 742, and Laws 1896, p. 107, c. 178. authorized boards of supervisors to permit the issuance of town bonds for the construction of highways, bridges, etc., either on a petition authorized by a vote of the taxpayers or on the written request of the commissioners of highways and the town board. After the filing of a petition by the commissioners of highways and the town board of a town for permission to issue such bonds, which had not been authorized by a vote of taxpayers, and which failed to contain an estimate of the fair cost of the improvement, but before the supervisors acted thereon, such section as amended was repealed by Laws 1903, p. 1084, c. 469, and section 1 thereof was enacted in its stead, which required the petition to the supervisors under such circumstances to the township electors and to contain such estimate of expense. Held, that Statutory Construction Law, Laws 1892, p. 1491, c. 677, § 31, providing that a repeal of a part of a statute shall not affect acts previously accrued, did not operate to preserve the supervisors' jurisdiction to grant the petition filed, since no vested right could be acquired in the procedure whereby such bonds could be authorized.

Submission of controversy between George H. Webster and the town of White Plains. Judgment for plaintiff.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Daniel F. Cohalan, for plaintiff.
John M. Digney, for defendant.

WOODWARD, J. On the 6th day of October, 1902, W. S. Sterling, supervisor, James J. Shaw, town clerk, G. Truman Capron, Farrington M. Thompson, E. C. Dunning, Jr., and Douglas Murray, justices of the peace, and Marvin Horton, commissioner of highways of the town of White Plains, presented a petition to the board of supervisors of Westchester county, under the provisions of chapter 686, p. 1743, of the Laws of 1892, requesting, advising, and consenting to the adoption of a resolution by said board authorizing the issuing of $60,000 of bonds of said township for the purposes authorized by section 69 of said act. At the regular monthly session of the board of supervisors of Westchester county, held June 1, 1903, the judiciary committee, to whom this petition was referred, reported in favor of

the passage of the resolution, and it was adopted by the board of supervisors. In pursuance of the supposed authority of such resolution the bonds of the town were subsequently issued and sold to the amount of $60,000, and the question presented upon this submission is whether these bonds have been duly authorized; the plaintiff being a taxpayer who challenges the legality of the action of the town in issuing such bonds.

There is no doubt of the validity of the bonds under the provisions of section 69, c. 686, p. 1761, of the Laws of 1892, as amended by chapter 79, p. 175, of the Laws of 1894, by chapter 163, p. 320, of the Laws of 1894, by chapter 742, p. 530, of the Laws of 1895, and by chapter 178, p. 107, of the Laws of 1896. The real point in issue is presented by the provisions of chapter 469, p. 1084, of the Laws of 1903, which went into effect on the 7th day of May, 1903, nearly one month before the adoption of the resolution authorizing the issuing of the bonds by the board of supervisors. Under the act as it stood prior to this last enactment, it was only necessary that the petition should be authorized by a vote of the taxpayers, "or upon the written request of the commissioners of highways and town board of such town"; and the petition in question was made upon such written request by the town officers. Section 1, c. 469, p. 1084, of the Laws of 1903, amends section 69, c. 686, p. 1761, of the Laws of 1892, so as to read as follows:

"The board may upon the application of any town, liable or to be made liable to taxation, in whole or in part, for constructing, building, repairing or discontinuing any highway or bridge therein, or upon its borders, pursuant to a vote of a majority of the electors of such town at an annual town meeting or special town meeting, called for that purpose, taken pursuant to sections thirty, thirty-one and thirty-two of the town law, or upon the written request of the commissioners of highways and town board of such town or towns, and said vote of a majority of said electors, in a case arising under section ten of the highway law, where the highway or bridge has not been already repaired or rebuilt, authorize such town or towns to construct, build, repair or discontinue such highway or bridge and to authorize said town or towns to borrow such sums of money therefor, for and on the credit of such town or towns as may be necessary according to a written estimate in items of the fair cost and expense thereof."

It is conceded by the defendant that the petition before the board of supervisors on the 1st day of June, 1903, did not have the sanction of the electors of the township, and that it did not contain the estimate of the fair cost and expense; but it is urged that, as the town had taken action under the law as it existed prior to May 7, 1903, the jurisdiction of the board of supervisors was not affected by this amendment of the statute, under the provisions of section 31 of the statutory construction law (chapter 677, p. 1491, Laws 1892), which provides that:

"The repeal of a statute or part thereof shall not affect or impair any act done or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect," etc.

A very similar contention was made before this court in the case of Palmer v. Hickory Grove Cemetery, 84 App. Div. 600, 82 N. Y. Supp. 973, and we held that the statutory construction law did not operate to preserve the jurisdiction of the board of supervisors to grant privileges to a cemetery corporation, where the law had declared that under certain circumstances, which were shown to exist, the board should not

have such power, although the preliminary steps necessary to such grants had been taken before the change in the law. Chapter 469, p. 1084, of the Laws of 1903, as well as the act which it amends, provides for giving a power to the board of supervisors to grant concessions to towns. The town has no vested right in any particular mode of procedure, and when by the act of 1903 it became necessary for the town to do further acts in order to invest the board of supervisors with jurisdiction, the power of the board of supervisors to act upon a petition which complied with the provisions of a former statute came to an end. In other words, when the board of supervisors attempted to act, the law did not permit of such action upon the petition which was before it. There was an absence of facts giving it jurisdiction, and its adoption of a resolution authorizing the issuing of $60,000 of the bonds of the town was without force or effect. So far as this amendment related to the board of supervisors, it simply required a different state of facts from that which had been previously required as a condition of acting at all. The statute prescribed the duty of the board in a certain contingency, and before the performance of that duty was reached, and before the board had performed any duty in the matter, the Legislature repealed the law under which the defendant had acted, and provided a new rule.

As to the board of supervisors the legislation was prospective, not retrospective. Nor was it retrospective as to the defendant, if by the general rule of law the procedure in an action is governed by the law regulating it at the time any question of procedure arises. Lazarus v. M. E. R. Co., 145 N. Y. 581, 585, 40 N. E. 240. In the case last cited it was urged by the defendants that under the provisions of the statutory construction law they were entitled to findings by the referee under the provisions of section 1023 of the Code of Civil Procedure, which had been repealed during the litigation. The court say:

"The only right which accrued to the defendants upon the submission of the proposed findings was the right to demand from the referee an observance of the provisions of section 1023. But it was a conditional right only, and the abrogation of the duty to pass upon the findings consequent upon a repeal of the section was not in any proper sense an impairment of any act theretofore done by the defendants or any right accrued to them. The change left unimpaired all defenses to the action. The repeal of the section acted directly and immediately upon the duty of the court or referee, and only incidentally upon the particular case in question. The defendants could no longer require the performance of the duty in their behalf, because the Legislature had changed the procedure and abrogated the duty. The taking of a step under section 1023, which, if the section had remained in force, would have entitled them to demand the performance by the referee of the duty imposed thereby, was not an act done which conferred a right, protected by section 37 of the statutory construction act from the ordinary operation of the repealing act."

In the case at bar the Legislature repealed section 69 of the original act, and substituted a new section covering the same subject; and if the defendant had attempted to compel the board of supervisors to act at any time subsequent to May 7, 1903, there can be no doubt that the board of supervisors would have shown a complete justification for nonaction by pointing out that the petition before them did not establish the facts necessary to give jurisdiction. That which would have been a defense to the board of supervisors is a fatal defect in the pro-

ceeding necessary to impose a burden upon the taxpayers of the town of White Plains. The power of the board of supervisors, upon the petition of the town officers, to impose a burden of debt, was taken away by chapter 469, p. 1084, of the Laws of 1903, and the town could receive no authority from the resolution. As was said in a somewhat similar case, where a constitutional amendment operated to repeal the power:

"If, when the constitutional amendment took effect, the vote had been duly taken, and the requisite vote of the majority of the taxable inhabitants to the raising of the money had been secured, the constitutional amendment prevented further action, and rendered the prior proceedings null and void. The authority to create the debt was taken away, and no power existed to borrow money or to issue the bonds of the village for the purposes of the act of 1867."

See People ex rel. Hetfield v. Trustees, 70 N. Y. 28, 33; Pearsall v. Great Northern Railway, 161 U. S. 646, 666, 16 Sup. Ct. 705, 40 L. Ed. 838, and authorities there cited, where the rule laid down is much more favorable to the plaintiff than the one necessarily involved in this decision.

The plaintiff should have judgment, the proceedings being without jurisdiction on the part of the board of supervisors. All concur.