In the Matter of WHITE PLAINS HOUSING AUTHORITY, Appellant, against ZONING BOARD OF APPEALS OF THE CITY OF WHITE PLAINS et al., Respondents.

Second Department, April 2, 1951.

*John J. Dillon* for appellant.

*William R. Condit, Corporation Counsel (John H. Shetron* of counsel), for Zoning Board of Appeals, respondent.

*Samuel Faile* for Winchester Equities, Inc., respondent.

*Per Curiam.* The Zoning Board of Appeals has not stated any facts in the resolution authorizing the erection of the garage, and those facts which can be ascertained from the record do not establish that unnecessary hardship or difficulty is imposed upon the owner by the zoning ordinance. (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71.)

The board was bound by the zoning ordinance adopted after the hearing but before the determination. (*Matter of Cherry* [*Isbister*], 201 App. Div. 856, affd. 234 N. Y. 607.) That ordinance did not provide for the erection of new buildings in nonconforming areas. (§§ 5, 7.) The owner, by filing the application and by the hearing, gained no right, inchoate or vested, which was protected by the saving clause in the new ordinance. (*Matter of Atlas* v. *Dick,* 275 App. Div. 670, affd. 299 N. Y. 654; *Matter of Fox Lane Corp.* v. *Moore,* 216 App. Div. 813, affd. 243 N. Y. 550; *Rice* v. *Van Vranken,* 225 App. Div. 179, affd. 255 N. Y. 541.)

The language of the saving clause relates to an act done by the board or to a right accruing based on an act done by the board. Here the act was done by the board after the repeal, not before, and the pseudo right, if any, accrued after the repeal, when the ordinance no longer existed. A different situation would be presented if the board had acted or granted a permit before the effective repeal date and the petitioner had not exercised the right granted by such a permit. In the latter situation the saving clause would inure to petitioner's benefit, and it could act on the permit even though it had not previously acquired a vested right under the doctrine of the cited cases which did not have saving clauses. But here the board's action occurred after the repeal of the ordinance invoked. This inter-

pretation of the saving clause gives it effect in a proper case and is consistent with the doctrine of the " vested right " cases. If it were intended to relate to pending but undecided applications, appropriate language was available and could have been used, as has been done in kindred situations (e.g., landlord and tenant legislation). In *Cameron* v. *New York & Mount Vernon Water Co.* (133 N. Y. 336) the acts referred to in the saving clause related to acts of the parties, and rights growing out of acts of the parties. That is not the situation here. In the *Cameron* case the clause was not concerned with acts of an official body or rights emerging therefrom, as is the clause in the instant case. (See, also, *Boardwalk & Seashore Corp.* v. *Murdock*, 286 N. Y. 494; *Palmer* v. *Hickory Grove Cemetery*, 84 App. Div. 600, 606, 607; *Webster* v. *Town of White Plains*, 93 App. Div. 398, 400, and *United States Mtge. & Trust Co.* v. *Ruggles*, 232 App. Div. 9.)

The order should be reversed on the law and the facts, without costs, and the determination annulled, without costs.

NOLAN, P. J., CARSWELL, JOHNSTON, WENZEL and MACCRATE, JJ., concur.

Order reversed on the law and the facts, without costs, and the determination annulled, without costs.