In the Matter of CLAREMONT GARDENS, INC., Respondent, against CHARLES BARKER, as Deputy Commissioner of Public Works in Charge of Bureau of Buildings in the City of Mount Vernon, Appellant.— On May 27, 1953, appellant issued a permit to respondent for the erection of a six-story multiple dwelling in the city of Mount Vernon. On June 8, 1953, the city zoning ordinance was amended so as to limit the height of certain buildings, including multiple dwellings, to three stories. On June 10, 1953, appellant revoked the permit. This article 78 proceeding sought to have cancelled the revocation of the permit and to compel its reinstatement. Upon the return date, appellant cross-moved to dismiss the petition or to strike certain paragraphs therefrom, or to extend his time to answer. The order appealed from granted the petition and directed that the revocation of the permit be cancelled and that the permit be reinstated, and denied appellant's motion. Order modified by striking therefrom the first and second ordering paragraphs and by adding thereto a new paragraph providing that the time in which to serve an answer be extended. As so modified, the order is unanimously affirmed, without costs; the time to serve an answer is extended until ten days after the entry of an order hereon. From the face of the petition and the affidavit in support thereof it cannot be said as matter of law that willful delay in the issuance of the permit to build was the cause for failure on the part of respondent to proceed with construction. (*Matter of Dubow* v. *Ross,* 254 App. Div. 706.) The permit was issued on May 27, 1953. The excavation is the only item of work disclosed by the record to have been started by June 10, 1953, when the permit was revoked, which was subsequent to the adoption of the amendment to the zoning ordinance. If respondent, because it did not have title or because of negotiations for a mortgage or for any reason, other than the willful delay in issuance of the permit, did not begin construction until after the ordinance was amended, it is not entitled to a cancellation of the revocation of the permit. (*People* v. *Miller,* 304 N. Y. 105.) Appellant should have been allowed to answer the petition. Presumably the amendment was legally adopted by the common council of the city of Mount Vernon. The legality of the special session was not passed upon by Special Term and the determination of that question should await appellant's answer. Special Term properly denied the motion to dismiss the petition or to strike out certain paragraphs thereof. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ.'