In the Matter of WILLIAM F. HAUSSMAN, Respondent, against HENRY B. OATLEY et al., Constituting the Board of Trustees of the Incorporated Village of Kensington, Appellants.— On October 6, 1954, respondent, owner of real property in the village of Kensington located in a district zoned for business, filed an application, accompanied by plans in blueprint form, for a building permit for the construction of a business building. The village's zoning ordinance requires the board of trustees to approve or reject applications within a reasonable time. No action was taken on the application on October 18, 1954, the first meeting of the board following the filing, because of a contemplated amendment of the zoning ordinance which would transfer respondent's property to a residence district. This proceeding under article 78 of the Civil Practice Act to direct the issuance of the building permit was commenced October 26, 1954, the petition alleging that respondent had complied with the zoning ordinance and building code, that appellants' action constituted a refusal to issue the permit, and that expense and obligations had been incurred in connection with the proposed construction. The decision granting the application was rendered November 12, 1954, and the order thereon, from which this appeal is taken, was made November 17, 1954. Appellants' briefs in this court allege that the zoning ordinance was amended on November 16, 1954, so as to place the subject premises in a residence district; respondent's brief asserts that the amendment has not become effective because of appellants' failure to comply with section 1608 of the County Government Law of Nassau County. Order reversed, without costs, and matter remitted to the Special Term for further proceedings not inconsistent herewith. In view of the issue raised by the pleadings as to whether respondent's application and plans complied with the provisions of the zoning ordinance and building code, it was error to direct the issuance of the building permit. Moreover, on the record presented, respondent would not be entitled to the relief sought if the zoning ordinance was amended so as to transfer the property to a residence district. No vested right is created simply by an application for a building permit. (*Matter of Cherry* [*Isbister*], 201 App. Div. 856, affd. 234 N. Y. 607; cf. *People* v. *Miller*, 304 N. Y. 105, 108–109.) *Matter of Dubow* v. *Ross* (254 App. Div. 706), relied upon by respondent, is readily distinguishable. The question of whether

there has been an effective amendment of the zoning ordinance, in view of the provisions of section 1608 of the County Government Law of Nassau County was not presented below. The pleadings may be amended so as to permit the determination of that issue by the Special Term. Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.