Howard T. Hogan, J.
This is a proceeding in the nature of a mandamus brought pursuant to article 78 of the Civil Practice Act to review a decision of the Building Inspector of the Village of Freeport, and to compel him to issue a building permit to the petitioner.
It appears that on October 21, 1957 the respondent Board of Trustees adopted a resolution repealing a provision of their Zoning Ordinance known as subdivision 2e of section 10.1, *917 which had provided that in a “ Business AA District ”, “ No store for the retail sale of food shall occupy any area of more than three thousand square feet.” This was done following a public hearing on the amendment, held in June, 1957, and a period of deliberation of four months. On November 9, 1957, after due publication, the amendment became effective. On November 12, 1957, only three days later, for reasons with which the court cannot be concerned, the Board of Trustees resolved to hold another public hearing on December 2,1957, to consider reinstating the precise restriction which had just been removed. The meeting Avas held, the amendment was adopted immediately thereafter, publication of the notice of adoption was commenced on December 12, 1957 and on the same day it Avas posted throughout the village in compliance Avith section 95 of the Village Law, which provides further that such an amendment becomes effective 10 days thereafter — in this instance on December 22,1957.
In the meantime, on November 20, 1957, this petitioner, the owner of unimproved land in a “ Business AA District ” presented an application, accompanied by a set of plans to the respondent Superintendent of Building, for a building permit to erect a supermarket and two additional stores upon said property. Thereafter, following more than one visit to the office of the Superintendent of Building, petitioner finally was told, on November 29, 1957, by this respondent that he had not checked or examined the said plans and application but that he had been directed by the Board of Trustees to deny the application on the ground that there was pending legislation which would restore the aforesaid restriction.
Petitioner instituted this proceeding on December 6,1957, and on December 12 he served a notice of intention to amend his petition to include an allegation that the restriction of food store areas to 3,000 square feet is arbitrary, unreasonable, discriminatory, unconstitutional, illegal and invalid. This amendment of the petition was unopposed.
Two questions are uoav presented: (1) Is petitioner entitled to an order directing the Building Inspector to issue a permit to him despite the fact that by the time his plans are approved the use Avill be forbidden, if the court finds that the withholding of such approval was willfully and deliberately calculated to delay him until the new ordinance became effective?, and (2) Will the new ordinance, when it becomes effective on December 22,1957, be unconstitutional and void?
The law determinative of the first question is set forth in Matter of Dubow v. Boss (254 App. Div. 706 [2d Dept.]) as *918 follows (p. 707): “ If it be found that the public officials charged with the duty of issuing permits willfully withheld and refused to issue one to petitioner, and, in addition, misled and hindered him, to the end that if they had acted with reasonable promptness his permit would have been granted and he could have conducted the business so as to acquire a vested right prior to the amendment of the zoning ordinance, we are of the opinion that he would be entitled to the relief which he seeks.”
The court is constrained to find that the office of the Building Department willfully withheld and refused to issue a building permit to the petitioner, and, in addition, misled and hindered him. It is admitted that on November 20, 1957, petitioner filed an application accompanied by detailed plans drawn by a registered architect. It is further admitted in the answering affidavit of respondent Coffey, that respondent Grlackin, the Mayor of the village, told him that “ inasmuch as the Village Board had before it a hearing to determine whether or not food stores would be permitted to have an area in excess of three thousand square feet, that he should not act upon the application until after the hearing, ’ ’ and that he informed the clerk of the Building Department to so inform the applicant. The moving affidavit of Maxwell A. White, an associate of the petitioner, clearly indicates that he was not so informed, until his third visit to her office on November 29, 1957. This unchallenged statement is evidence that he was actually misled and hindered in his efforts to secure a permit.
It is the duty of an administrative official to perform the functions of his office promptly and in accordance with the law as it presently exists. He may not refuse to act because of the possibility that the law may be modified at some future time. The last amendment was not enacted until four months after the public meeting in June, 1957. These respondents had no right to assume in advance that immediately following the public hearing of December 2, 1957, the Board of Trustees would rescind their action of October 21,1957. The Town Law (§ 264) provides that no amendment ‘ ‘ shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. ” It is most improper to assume or anticipate before such hearing, whatever action the board might take, and when it would take it. The right to a public hearing at which evidence may be presented in support of, or against the proposal under consideration is a substantial one which may not be infringed in any manner.
*919 However, even though the conduct of the respondents was wrongful, it cannot he determined upon affidavits that the petitioner actually suffered damage thereby. In Matter of Dubow v. Ross (supra) it is stated that one is entitled to a permit under such circumstances only if it appears that prompt action on his application would have enabled him to commence such operations under it as would result in the creation of a vested .right before the amendment of the Zoning Ordinance became effective. Still to be determined is the question, “ Was petitioner’s application in proper form, or, if it was not, could it have been corrected, so that prompt action by the respondent Building Inspector would have enabled him to acquire a vested right in the permit before December 22, 1957, the effective date of the amendment?
Likewise to be determined is the question of the constitutionality of this amendment. Petitioner has challenged it as unreasonably discriminatory in that it limits only the area which may be occupied in a “ Business AA District ” by food stores, and permits a variety of other business establishments such as department stores, restaurants, furniture stores, etc. to occupy areas of any size. While this distinction may appear superficially to be arbitrary and capricious, it must be considered in the light of the present extent of such “ Business AA District ’ ’ and its relationship to the other districts in the village (the zoning map is not before the court). Both issues can be properly determined upon a full and complete hearing. Accordingly, they are respectfully referred to an Official Referee of this court to hear and to report his findings and recommendations.
Settle order on notice.