Howard T. Hogan, J.
This is an application pursuant to article 78 of the Civil Practice Act for an order reviewing and *234 annulling a determination by the Town Board of Oyster Bay in which the petitioner was denied a permit to use premises located at the northeast corner of Broadway and Parkhill Avenue, Massapequa, New York, for a gasoline filling station and public garage.
The petitioner, as a contract vendee of the premises, applied for a special exception permit on January 24, 1958. A public hearing before the Town Board was held on March 11 and on April 18 and the Town Board denied the application.
This proceeding was commenced on May 2, 1958. The petitioner has presented persuasive proof to indicate that the Town Board in denying the application may have abused the discretion imposed in it by article VIII (§ F-l, subd. 19) of the Building Zone Ordinance. However, it is unnecessary for the court to discuss the proceeding before the Town Board, for the authority of the Town Board to issue special permits under subdivision 19 of the aforesaid section F-l was eliminated by an amendment to the Zoning Ordinance on April 8,1958. The court must decide this proceeding according to the law existing at the time of its decision (Matter of Haussman v. Oatley, 285 App. Div. 832; Matter of Boardwalk & Seashore Corp. v. Murdock, 286 N. Y. 494, 498; Matter of Dengeles v. Young, 3 A D 2d 758).
It is pleaded in the petition that the amendment is invalid because the respondents failed to comply with the law in adopting the amendment. No specification or evidence of that general allegation is revealed in the papers and, therefore, the court must assume that the respondents complied with the statutory requirements in enacting the amendment.
The petitioner also urges that the amendment insofar as it affects his property is void. “ Legislative enactments are presumed to be constitutional • * * * While this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt * * * ‘ it is only as a last resort ’ that courts strike down legislative enactments on the ground of unconstitutionality ’ (Wiggins v. Town of Somers, 4 N Y 2d 215, 218, 219; emphasis supplied.)
The fact that the petitioner’s application for a permit was made before the adoption of the amendment would not render the amendment ineffective or invalid as to the petitioner’s premises (Matter of Haussman v. Oatley, supra). In fact, the issuance of a permit before an amendment to a zoning ordinance does not create a vested right to do the work permitted. Such permit may be revoked absent a showing of losses sustained in reliance on the permit (Matter of Ageloff v. Young, 282 App. Div. 707). Here, no permit was issued.
*235 It is alleged by the petitioner in his reply that the Town Board ‘ ‘ wilfully withheld and refused to issue ’ ’ a permit and therefore petitioner was prevented from acquiring a vested right under the special exception which he would have obtained if the Town Board had granted his permit with reasonable promptness. The petitioner offers no evidence to show any unreasonable delay in the hearings or in the rendition of the decision. Moreover, the authority upon which the petitioner relies in support of this contention, viz., Matter of Dubow v. Ross (254 App. Div. 706) is not applicable. Here, the petitioner had no right to the permit until the Town Board in the exercise of its discretion chose to grant it, whereas in the Dubow case (supra) the petitioner had a clear legal right to the permit when he applied to the building inspector for it.
The petitioner contends further that the amendment is unconstitutional because it excludes only gasoline stations from a Business “ F ” district, whereas other uses equally detrimental to the community are permitted. All zoning is restrictive, but it is only where the restriction so restricts the use of property that the owner may not reasonably use the property for any of the permitted uses for which the property is adapted that the owner may complain.
Accordingly, as it appears that the Town Board no longer has authority to grant petitioner’s application for a special exception permit, this court may not direct the issuance of a permit.
Application denied.