Howard T. Hogan, J.
Petitioners have instituted this proceeding pursuant to article 78 of the Civil Practice Act for an order reviewing the action of the respondent Board of Trustees of the Village of Valley Stream in denying their application for a special permit to operate a gasoline station on property lying *853 in a “ C-2 ” District on the zoning map of the village, which district is designated as a General Commercial District, and for a further order declaring null and void an amendment to the zoning ordinance which eliminated gasoline stations as a permitted use in ‘ ‘ C-2 ’ ’ Districts.
The latter relief cannot be granted in a proceeding of this nature but must be sought in an action- for a judgment declaring such amendment to be unconstitutional and void.
The facts upon which this proceeding is based are as follows:
Petitioners are the owners and/or conditional lessees of property in the incorporated village. Until 1954 a gasoline service station could be established as of right on said land. In 1954 the Zoning Ordinance was amended to provide that such use was permitted only upon the issuance of a special permit by the Board of Trustees. In March, 1958 petitioners entered into a lease of the premises, conditioned upon the issuance of such a permit, and on May 2, 1958, made application for one to the respondents. A public hearing was held upon the application on May 26,1958, following which decision was reserved.
On June 9,1958 the ordinance was amended to bar the further establishment of gasoline service stations in any but industrial districts in the village. At that same meeting the respondents announced their decision denying petitioners’ application for a permit, on the ground that the amendment to the Zoning Ordinance just adopted prohibited the contemplated use.
These circumstances present a slight variation from those cases in which the denial of the application precedes the adoption of the amendment to the ordinance, in that they both took place on the same day — simultaneously, for all practical purposes. However, the difference has no substance since the ordinance could not become effective" until publication or until personal service of a copy upon an individual sought to be bound. Such service does not appear to have been made upon the petitioners.
However, the facts are:
(1) The petitioners had no absolute right to a permit at the time of their application.
(2) The respondents proceeded with reasonable promptness to a hearing upon the application.
(3) Even though they may have denied the application on the erroneous ground that on June 9,1958 the Zoning Ordinance prohibited such a use (when in fact the amendment was not yet effective), the ordinance now stands as amended for the purposes of this appeal. (Matter of Boardwalk & Seashore Corp. v. Murdock, 286 N. Y. 494; Matter of Von der Heide v. Zoning *854 Board of Appeals of Town of Somers, 282 App. Div. 1076.) It would serve no useful purpose if this matter were to be remitted to the respondent, for any new decision it might make would have to be based upon the fact that the ordinance has now become effective.
Under these circumstances the court has no alternative but to deny the petition, without costs.
Petitioners seek to bring themselves within the rule of Matter of Dubow v. Ross (254 App. Div. 706) that if officials unreasonably delay in granting a permit to conduct a business, pending an amendment to the Zoning Ordinance prohibiting it, when, had they acted with reasonable promptness, a permit would have been granted and a vested right could have been acquired under it before the effective date of the ordinance, a permit in that event should be issued in spite of the amendment.
These petitioners, however, had no absolute right to a gasoline station permit when they made their application on May 2, 1958, but only a right to a public hearing and a determination by the respondents as to whether they could meet the required standards and conditions. Nothing was 'wrongfully withheld from them at that time. Acting without delay the respondents scheduled and advertised a public hearing and rendered a decision two weeks thereafter. There is no such evidence of willful delay as was present in Matter of Harris v. Coffey (14 Misc 2d 916, affd. 6 A D 2d 898) in which this court applied the rule of the Dubow case.