Michael Catalans, J.
This is a proceeding, pursuant to article 78 of the Civil Practice Act, for an order granting a review of the determination of the Zoning Board of Appeals of the Village of Sloan, Brie County, New York, denying the petitioner’s appeal from the decision of the Village Board which denied permission to erect a certain gasoline service station in said village.
The moving papers state that the Board of Trustees adopted a Zoning Ordinance; that the zoning map shows the intersection of Harlem Road and G-ierlach Street in the village is zoned as a residential and business district; that subdivision A of section NV of the Zoning Ordinance permits within a residential and business district “ garages and filling stations, subject to such conditions and safeguards as deemed appropriate by the Board *1024 of Trustees ”; that on January 17,-1958 the petitioner applied to the Board of Trustees for permission to erect a gasoline service station.at this intersection; that on January, 21, 1958 the application was presented to the Planning Board, of the village, which recommended rejection of the application upon specified grounds; that on January 28, 1958 the Board of Trustees accordingly rejected the application, which rejection was “illegal, unconstitutional, - arbitrary, capricious, discriminating and improper”; that on April 7, 1958 the petitioner ‘ ‘ duly appealed said decision to the Zoning Board of Appeals ’ ’; that on May 16, 1958 a hearing was held, and on June 16, 1958 the Zoning Board of Appeals filed its. decision denying the appeal to it; that the zoning law is “ -null, void and illegal ” because (a) no Zoning Commission was appointed pursuant to section 179-a of the Village Law, (b) all conditions precedent to the enactment of a valid zoning ordinance were not followed according to the Village Law, (c) the ordinance deprives persons of their property without due process of law; that the determination of the Zoning Board of Appeals was “illegal, unconstitutional, arbitrary, capricious, discriminating and improper.”
The respondents deny the material, allegations of the petition, then affirmatively state: (1) “ that the petitioner is not a person aggrieved within the meaning of the statute ”; (2) “ that the respondents had no jurisdiction to hear the appeal ”; (3) “ that the said appeal * * * was not timely since it was not taken within the time specified in Rule #1 of the General Rules adopted by the said Zoning Board of Appeals and filed on September 6, 1956 ”; (4) “ that the decision of the Board of Appeals was proper on the grounds stated in its decision, dated June 16, 1958 ”; (5) “ that the proceedings before the Zoning Board of Appeals were defective in that no witnesses were sworn. ’ ’
No reply has been served upon the respondents, or submitted to the pourt, disputing any of the affirmative matters contained in the answer.
An affidavit of a respondent states: ‘ ‘ That the Zoning Ordinance has been amended so that a gasoline station is no longer a permitted use.” Attached to the affidavit is a copy of the amendment dated July 16, 1958, deleting from section XV, entitled “Residential and Business Districts” from “Uses Permitted ” the words: “ 4. Garages and filling stations.”
The petition herein is dated June 20, 1958; the notice of motion is dated June 27, 1958 and returnable August 4, 1958; both were served on the respondents on July 2, 1958; the *1025 answer is dated October 17, 1958; the first hearing was held October 28, 1958, at which time there was presented an affidavit of the petitioner, dated October 24, 1958, attached to which was a contract to purchase the land affected, signed by the seller October 21, 1957 and accepted by the petitioner December 31, 1957; the second and last hearing was held November 24, 1958, at which counsel for the petitioner testified that they searched the records of the Village Board of Trustees of the Village of Sloan from May 2, 1921 to May 21, 1923 and no record was found that “ a zoning ordinance had been enacted in the Village of Sloan,” and from May 21, 1923 to the date of the hearing, November 24,1958, no record was found that a Zoning Commission had been appointed, and the amendment to the Zoning Ordinance dated July 16, 1958 was enacted without the appointment of a Zoning Commission.
Certain preliminary matters, not involving the issues, were decided by this court on September 10, 1958 (see Matter of Atlantic Refining Co. v. Village of Sloan Board of Appeals, 13 Misc 2d 631). Now, the issues will be decided after having given the parties repeated opportunities to present all evidence available to them.
The court’s decision shall be based upon the law existing at the time when made, rather than that existing when the proceeding was commenced. (Matter of Whittaker v. Burns, 13 Misc 2d 233, 234; see cases cited.) The only issue before this court is whether the determination by the board was prejudiced, arbitrary, capricious, or contrary to law. (Matter of Del Vecchio v. Tuomey, 283 App. Div. 955, affd. 308 N. Y. 749, motion for reargument denied 308 N. Y. 834.) The right of communities to enact ordinances restricting uses of land, even to the point of terminating prior uses involving large investments, has been most recently extended by our highest court. (Matter of Harbison v. City of Buffalo, 4 N Y 2d 553 [decided June 25, 1958]. See, also, Matter of Larkin Co. v. Schwab, 242 N. Y. 330, 334, 339.) .
The petitioner is “ a person aggrieved ” within the meaning of section 179-b of the Village Law, thus, is a proper petitioner as a contract vendee of the land. (Matter of Nagaven Realties v. Banzhaf, 149 Misc. 361, 362.)
There is no requirement that the facts upon which the board rests its determination be “ sworn testimony”; in fact, the board may rely upon its own knowledge of conditions provided such known facts are set forth in its return. (Matter of Community Synagogue v. Bates, 1 N Y 2d 445, 454.)
*1026 The primary hurdle of the petitioner, however, is the principle that a zoning ordinance passed after the issuance of a permit may ipso facto revoke it; a fortiori, if no permit has issued, no vested right thereto exists. (People v. Miller, 304 N. Y. 105, 108-109; Rice v. Van Vranken, 225 App. Div. 179, 180, affd. 255 N. Y. 541; People ex rel. Publicity Leasing Co. v. Ludwig, 172 App. Div. 71, 74, affd. 218 N. Y. 540; Matter of Fox Lane Corp. v. Mann, 216 App. Div. 813, affd. 243 N. Y. 550.)
Here, no permit has issued. Thus, no vested right to it exists.
It has been held that public officials charged with the duty of issuing permits may not willfully withhold and refuse to issue one to petitioner, and mislead and hinder him so that if they had acted with reasonable promptness his permit would have been granted and he could have conducted his business so as to acquire a vested right prior to the amendment of the Zoning Ordinance. (Matter of Dubow v. Ross, 254 App. Div. 706, 707; Matter of Claremont Gardens v. Parker, 282 App. Div. 1069.) Nevertheless, mere contractual obligations alone establish no vested rights. (Matter of Atlas v. Dick, 275 App. Div. 670, affd. 299 N. Y. 654.)
Here, no such misconduct is adequately pleaded and proven. The Duboiv rule does not apply in this case. The contract to purchase the land involved adds no aid and comfort to the petitioner’s status.
The constitutionality of the Zoning Ordinance barring this petitioner to relief is enshrined with a presumption of regularity that persists until destroyed only by ‘ ‘ contrary substantial evidence ”. (People v. Richetti, 302 N. Y. 290, 298. Accord: People v. Langan, 303 N. Y. 474, 480; People v. White, 309 N. Y. 636, 640.) There is a general presumption that no official or person acting under an oath of office will do anything contrary to his official duty, or omit anything which his official duty requires to be done. (Matter of Marcellus, 165 N. Y. 70, 77; Matter of Whitman, 225 N. Y. 1, 9.)
Here, no “contrary substantial evidence” is presented by the petitioner which relies solely upon the presumption that all officers intrusted with the custody of public files and records will perform their official duty by keeping the same safely in their offices; and if a paper is not found where, if in existence, it ought to be deposited or recorded, the presumption, thereupon, arises that no such document has ever been in existence, and until this presumption is rebutted, it must stand as proof of such nonexistence. (Deshong v. City of New York, 176 N. Y. 475, 485.)
*1027 The petitioner contends that since no zoning ordinance was found filed in the proper office between May 2,1921 and May 21, 1923, and no record of a Zoning Commission exists therein after such latter date, therefore, the Zoning Ordinance herein is involved under section 179-a of the Village Law.
Section 179-a of the Village Law, entitled “Zoning commission ’ ’, provides, as follows: 1 ‘ The powers conferred upon boards of trustees by this act shall be available to the board of trustees of any village which, prior to May twenty-first, nineteen hundred and twenty-three, adopted a zoning ordinance pursuant to the provisions of subdivision thirty of section eighty-nine of the village law; but in order to avail itself of the powers conferred by this act, the board of trustees of any other village shall appoint a commission to be known as the zoning commission to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein. Such commission shall make a preliminary report and hold public hearings thereon before submitting its final report; and such board of trustees shall not hold its public hearings, or take action, until it has received the final report of such commission.”
It would appear that where a village has availed itself of the powers granted above, a Zoning Commission need be appointed only to recommend boundaries and regulations for the original districts, but thereafter, the power to repeal a zoning ordinance rests with the Village Board of Trustees alone. (Hermann v. Incorporated Vil. of East Hills, 104 N. Y. S. 2d 592, 594, affd. 279 App. Div. 753; 7 Op. St. Comp., 1951, No. 5236, p. 221.)
The only evidence of a Zoning Ordinance before this court is one adopted August 17, 1953, as amended July 16, 1958 by the repeal of the words ‘ ‘ garages and filling stations ’ ’ as permitted uses in residential and business districts. It would appear that boundaries of the various original districts and appropriate regulations to be enforced therein have been established; that public hearings were held; that a ‘ ‘ zoning map ’ ’ was adopted, showing said districts; that the 1953 ordinance repeals all former building and zoning ordinances in the Village of Sloan.
The petitioner has been allowed two separate hearings to present all evidence necessary to support its allegations. It has failed to fulfill its burden of proof. (See Village of Old Westburg v. Foster, 193 Misc. 47.)
If the petitioner desires to dispute any affirmative matter in the answer or the transcript of the record of proceedings annexed to the answer, it shall serve upon the respondent, and *1028 submit to the court, on or before the return day, a reply, as in an action. (Civ. Prac. Act, § 1292.) Otherwise, the affirmative matter and the record are deemed admitted to be true, there being no triable issue permitting summary disposition. (Matter of Hines v. La Guardia, 293 N. Y. 207, 216; Matter of Bernola v. Fletcher, 280 App. Div. 870; Matter of Ackerman v. Kern, 256 App. Div. 626, 630, affd. 281 N. Y. 87.)
Regardless of the omission to serve a reply, the court’s conclusion remains the same.
Proceeding dismissed upon the merits, without costs. Prepare and submit order accordingly.