James D. Hopkins, J.
A trial of the issues of this proceeding under article 78 of the Civil Practice Act has been held. The petitioner sues for an order to compel the respondent, the Building Inspector of the Village of Tuckahoe, either to consider and approve plans for the construction of an apartment house, or, in the alternative, to issue a permit for the construction of the apartment house. The facts established at the trial disclose the existence of a question which has plagued courts time and again in zoning cases —the respective rights of the applicant for a building permit, and of a municipality, when official action on his application is delayed until a new ordinance outlawing the use has become effective.
The petitioner purchased the premises in suit on November 16, 1959; the sale included the grantor’s right, title and interest in certain plans and specifications for the construction of an apartment house on the premises, together with all rights of the grantor in a permit issued on September 11, 1959, by the then Building Inspector of the village, based on the same plans and specifications. At the time of purchase, the premises were zoned for apartment house use. Under the provisions of the building code of the village, a building permit under which no work is commenced within six months after issuance expires by limitation.
The plans and specifications purchased by the petitioner provided for a conventional type of construction, containing 87 units. The petitioner decided after purchase to change the character of construction to a co-operative apartment house, containing 59 units, and engaged the services of an architect and an engineer to revise the plans accordingly. There is a dispute between the respondent and the petitioner’s architect and engineer as to the dates upon which the revised plans and specifications were filed with the respondent; the determination of the exact dates becomes immaterial in view of the ultimate disposition of the case. Suffice it to say, that the revised plans were filed in March, 1960; that certain other plans, including the structural steel design, were filed later in March, 1960; that on March 31, 1960, a new application was made for a permit based on the revised plans; and that the respondent sent a letter to the petitioner on April 1,1960, listing three objections to the plans. Two of these objections were cleared by April 12, 1960; the third related to alleged nonconformity of the plans with the requirement for off-street parking.
*119 At the time the original permit had been issued, the village ordinance required provision for off-street parking spaces equivalent in number to half of the dwelling units in an apartment house; on November 11, 1959, the ordinance was amended so as to require off-street parking spaces equivalent in number to all of the dwelling units in an apartment house.
The objection raised by the respondent related to the amount of space allocated to parking areas, their design, and manner of distribution on the premises. The petitioner in an effort to satisfy the respondent, produced several different plans for off-street parking, but the respondent delayed in giving approval to the plans, and did not issue the permit.
From the record it is clear that the village had in 1959 engaged the services of consultants for the purpose of preparing a master plan; the planning board of the village had considered the master plan on December 22, 1959, and on April 5, 1960, had recommended the approval of the master plan. On April 14, 1960, the village board adopted an ordinance prohibiting the Building Inspector for a period of two months, or until the master plan was adopted, from issuing any building permits. On June 5, 1960, the village board adopted an ordinance, pursuant to the master plan, whereby the petitioner’s property was rezoned to single-family use.
In the meantime, on May 5, 1960, the petitioner had commenced this proceeding, claiming that the respondent had deliberately delayed in the approval of the revised plans, so that the petitioner’s property might be rezoned to prevent its use as a site for an apartment house, and also prevent the acquisition by the petitioner of vested rights; the petitioner further contends that the ordinance suspending the issuance of building permits was invalid.
The theory of the petitioner is necessarily predicated on the pre-existing conformity of his plans with the ordinances of the village. The sole ground to which the respondent clings in supporting his defense of noncompliance concerns the provision for off-street parking. The evidence is clear, however, that the petitioner supplied several plans of off-street parking, and that in each instance the respondent found some defect. It is my opinion that the petitioner had submitted plans substantially in compliance with the village ordinances by April 14, 1960, the date upon which the suspensory ordinance was adopted. Hence, it is clear that on that date the petitioner was entitled to its permit (Matter of Beckmann v. Talbot, 278 N. Y. 146, 154; People ex rel. Corn Hill Realty Co. v. Stroebel, 209 N. Y. 434).
*120 Nor can I find any authority warranting the adoption by the village board of the ordinance prohibiting the issuance of building permits. In a recent case, Mr. Justice Brennan held invalid a resolution of a village board forbidding the issuance of building permits pending a rezoning of the premises in suit (Matter of Tappan Zee Bldg. v. Rizzi, N. Y. L. J., April 30, 1959, p. 16, col. 5). Therein, Mr. Justice Brennan said that, “ [U]ntil a zoning ordinance is changed as and in the manner provided by statute, a property owner must be permitted to pursue his right under the existing ordinance ”. The enactment of an ordinance here, rather than the adoption of a resolution, does not affect the application of that decision to the proceeding at bar.
Hence, I hold that the petitioner has established satisfactory proof that the respondent delayed action on its application for a permit without justification in fact. The petitioner consequently urges that under well-established principles that it is entitled to a permit under this proceeding (Matter of Dubow v. Ross, 254 App. Div. 706; Matter of Calton Court v. Switzer, 221 App. Div. 799; Matter of Harris v. Coffey, 14 Misc 2d 916, affd. 6 A D 2d 898). Although the petition and answer does not allege its enactment (for each was prepared and served previously), I must consider and give due effect to the ordinance changing the petitioner’s premises from an apartment use to a single-family use, for the law existing at the time of decision must be followed, rather than the law existing at the time of the commencement of the proceeding (Matter of Haussman v. Oatley, 285 App. Div. 832; Matter of Dengeles v. Young, 3 A D 2d 758).
There has been no challenge to the validity of the ordinance of June 5, 1960, changing the zone of petitioner’s property, either in the pleadings or in the proof at the trial. A permit could not be validly issued at the present time for the erection of an apartment house on petitioner’s property. Hence, an order directing the issuance of a permit would be a futility (Matter of Harrison Ridge Associates Corp. v. Sforza, 6 A D 2d 1051).
But what of the doctrine that Matter of Dubrow v. Ross (254 App. Div. 799, supra) and the other cases cited above exemplify? Although Matter of Dubrow v. Ross has not been specifically overruled, later cases in effect have limited it (see Matter of Atlas v. Dick, 275 App. Div. 670, affd. 299 N. Y. 654; Matter of Haussman v. Oatley, 285 App. Div. 832, supra; cf. Matter of Dengeles v. Young, 3 A D 2d 758, supra). In the later cases, the property owner must show, in addition to willful delay *121 on the part of the municipal officials, the acquisition of vested rights in accordance with established tenets. Even before Matter of Dubow v. Ross, the ingredient of vested rights was an essential part of the doctrine (Matter of Fairchild Sons v. Rogers, 242 App. Div. 651, affd. 266 N. Y. 460; but see Matter of Fairchild Sons v. Rogers, 246 App. Div. 555, motion for leave to appeal denied 269 N. Y. 681). The recent decision of Matter of Harris v. Coffey (14 Misc 2d 916, affd. 6 A D 2d 898), does not change this conclusion, since the affirmance of the Appellate Division related only to an order referring the issues to an Official Referee for trial.
The petitioner has recognized the requirement of vested rights, and argues that the proof shows their existence. It is well settled that the mere filing of the application confers no right on the applicant (Matter of Cherry v. Isbister, 201 App. Div. 856, affd. 234 N. Y. 607; Matter of White Plains Housimg Auth. v. Zoning Bd. of Appeals, 278 App. Div. 125). The issuance of the original permit avails the petitioner nothing, under the facts here, as the revision of the plans so changed the character and design of the original building as to render it ineffectual, acknowledged by the petitioner when it filed a nexv application.
The test, generally speaking, is whether the petitioner had actually begun construction, not whether it had spent money in preparation to build (Rice v. Van Vranken, 132 Misc. 82, affd. 225 App. Div. 179, affd. 255 N. Y. 541); or whether the petitioner had physically used the land for the construction contemplated (People ex rel. Ortenberg v. Bales, 250 N. Y. 598). The petitioner’s proof of execution of contracts did not measure up to the standard of use of land required. The petitioner did establish that it requested from respondent the right to clear its land of shrubbery and debris, and to construct a means of ingress into the premises, and that a day’s work was done under permission of the respondent. Nothing is shown, however, of any change in the land, such as an excavation for foundations (cf. Matter of Ageloff v. Young, 282 App. Div. 707; Robitzek Investing Co. v. Colonial Beacon Oil Co., 265 App. Div. 749).
The conclusion is reluctantly reached, therefore, that the petitioner may not be granted the relief requested. The result of this decision, and of the cases cited following Matter of Dubow v. Ross, may well encourage unfortunate maneuvering between property owner and municipality, when changes in zoning are imminent, and permits are sought before the effective date of the rezoning. In this respect see Matter of Jayne Estates v. Merritt (210 N. Y. S. 2d 252). However, it must be pointed out that the village officials had previously issued a permit to the *122 petitioner predecessor in title, under which construction could have been begun; only the petitioner’s change of mind as to the type of apartment house prevented construction long before the rezoning became effective. The petition and proceeding are dismissed, without costs.