Regis O’Brien, J.
This is a proceeding pursuant to the provisions of article 78 of the Civil Practice Act.
The petitioner seeks an order reversing, annulling and setting aside (a) “ the determination of the respondent Zoning Officer *461 of the City of Dunkirk in refusing a building permit to petitioner ”, and (b) “ the action of the respondent Board of Zoning Appeals of said City in denying petitioner’s appeal from the action of the said Zoning Officer,” and (c) “ for an order directing the said Zoning Officer to issue such a building permit to petitioner.”
A copy of the application for the permit is attached to the answer filed by the respondents. It is addressed to the Common Council of the City of Dunkirk and dated May 3, 1961. In the petitioner’s application, she asked “ for permission to erect 10x60 Trailer on cone, patio and block fdn,” and set forth that the “trailer is constructed of metal on cone, patio and block fdn.”; also that the “ trailer is 1 stories high ”, and again that the “ trailer is to be used for dwelling” and “ size of new trailer —10 feet by 60 and 8 feet in height.” (Italics supplied.) The repeated use of the word ‘£ trailer ’ ’ justified the finding that the applicant was applying for a permit to put a ££ trailer ” in a residential district, which was prohibited under the ordinance. The City Engineer, to whom the application was submitted, wrote on the application ££ Permit denied 5/3/1961. denied Art. IX Sec. 1. ’ ’ The owner appealed from his decision to the Zoning Board of Appeals.
The petitioner testified at the hearing that “I’ll not buy it (trailer) if I can’t put it up ”.
It is thus obvious that the petitioner sought a permit to place a trailer not yet purchased on the lot. She stated that it was her present intention to remove the wheels, etc., and convert it into a residence.
Following the hearing, the board announced that “ it was the unanimous decision * * * that the appeal of Grace M. Casella * * * to place new 10'x60' (18'x55') metal trailer * * * be denied.” Article IX, section 1 of the ordinances, which was cited as the reason why the permit was denied, prohibits a trailer in a residential district.
The intention of the city in respect thereto is clearly and unmistakably set forth by the following language which appears in the section, to wit: “ and in no case may trailers * * * be permitted in Residential Districts.”
The petitioner’s own use of the word “ trailer ” in her application justifies the interpretation placed upon it by the City Engineer as well as the Zoning Board of Appeals.
In addition, it appears in the brief filed with this court on behalf of the petitioner that since the denial of the permit, the zoning ordinance has been amended. It now provides for “ a minimum of 900 square feet for a one story dwelling ”, This *462 requirement is one with which the petitioner’s application for the permit does not conform. Amendment may be and has been considered by the court under the authority of the following cases (Matter of Boardwalk Seashore Corp. v. Murdock, 286 N. Y. 494; Matter of Turiano v. Gilchrist, 8 A D 2d 953, 954; Matter of Dengeles v. Young, 3 A D 2d 758; Matter of Haussman v. Oatley, 285 App. Div. 832; Matter of Atlantic Refining Co. v. Zoning Board of Appeals, 14 Misc 2d 1022; Matter of Whittaker v. Burns, 13 Misc 2d 233).
In view of all of the foregoing, the denial of the permit is sustained and the application is dismissed.