Mario Pittoni, J.
On this application for an order pursuant to article 78 of the Civil Practice Act, the respondents move to dismiss the petition on numerous grounds — pursuant to section 1293 of the Civil Practice Act. Application is dismissed as premature.
The petitioner is the owner of property on the westerly side of Middle Neck Road about 377 feet north of North Hempstead Turnpike, in the Incorporated Village of Flower Hill, Nassau County, New York. The frontage on Middle Neck Road is about 430 feet; the depth varies from 178.57 to 178.64 feet. The premises are located in a “ Business District ” under the Building Zone Ordinance of the village. Among other uses permitted in such district are apartment houses. On December 1, 1961 the petitioner filed plans for the construction of an apartment house on the subject premises. On December 18, 1961 the petitioner was advised (Exhibit A) by the Building Inspector that before consideration would be given to the issuance of the permit certain objections would have to be complied with. On December 19, 1961 the petitioner requested a meeting with the Building Inspector. A meeting was held on December 26, 1961 at which some objections were withdrawn by the Building Inspector and compliance with others was promised by the petitioner. On December 28 and 29 the petitioner attempted to contact the Building Inspector, but without success, to show compliance with the remaining objections. A copy of the amended plans were filed in the office of the Village Clerk on December 29,1961. This proceeding was commenced on January 2,1962.
In a proceeding pursuant to article 78 of the Civil Practice Act the court may “ compel performance of a duty specifically enjoined by law ”. Among the duties of public officials is the approval or rejection of applications for permits. Here, there has been no express approval or rejection of the petitioner’s application. Nor may it be held that the interval of time which elapsed between the filing of the amended plans on December 29, 1961 and the commencement of this proceeding on January 2, 1962 was so unreasonable that it constituted a denial of the application.
Accordingly, the petition is dismissed as premature.
*378 The observation may be made, however, that if the petitioner’s plans, as originally submitted, conformed to the requirements of the ordinance and the delay by the respondents of the approval or rejection of the application was for the purpose of awaiting the amendment of an ordinance, which will prohibit for all intents and purposes the construction of an apartment house on the petitioner’s premises, the petitioner will not be without a remedy. If the amendment be adopted and the petitioner ’s application for a permit be denied, and 1 ‘ If it be found that the public officials charged with the duty of issuing permits willfully withheld and refused to issue one to petitioner, and, in addition, misled and hindered him, to the end that if they had acted with reasonable promptness his permit would have been granted and he could have * * * [commenced the building operation] * * * so as to acquire a vested right prior to the amendment of the zoning ordinance ” (Matter of Dubow v. Ross, 254 App. Div. 706, 707), the petitioner would receive the aid of the court in directing the issuance of the permit regardless of the amendment of the ordinance. (See, also, Matter of Dengeles v. Young, 3 A D 2d 758; Matter of Harris v. Coffey, 14 Misc 2d 916, 6 A D 2d 898.)
A further observation may be made in view of one of the objections raised by the respondents: when and if a permit is refused by the Board of Trustees, a proceeding may be commenced immediately for appropriate relief. There is no provision either in the statute (Village Law, § 179-b) or in the local ordinance (Building Zone Ordinance, art. 12, § 4) for appeals to a Board of Appeals from a determination by the Board of Trustees, a legislative body.