Jack Stanislaw, J.
Petitioners, by order to show cause, seek the immediate issuance of building permits by the respondent Building Inspector. He denied their applications based upon an interpretation of the zoning ordinance at odds with that made by petitioners. They appealed the denial, as they might, to the respondent Zoning Board of Appeals. After the filing to reverse the Building Inspector’s decision, the Town Board called for a public hearing on an amendment to the zoning ordinance. At the hearing of their appeals petitioners pressed for an immediate determination. It is their position that the determination would have to be one of reversal directing the issuance of building permits. In any event, if the outcome was otherwise they would then be able to seek judicial review. All this urgency was explained to the Board of Appeals by petitioners as necessary to them in order to establish their rights to, and ultimately obtain, permits before the Town Board amended the zoning ordinance so as to prevent the vesting of their rights. That is, the Town Board hearing is directed to an ordinance amendment which petitioners assert would, if passed, entirely prohibit the construction they applied for. They charge the Board of Appeals with deliberate delay in rendering any decision (and the Building Inspector with current actions) as part of a concerted plan designed to ‘ ‘ wilfully delay, impede and prevent * * * [their] obtaining a vested right or asserting their lawful right to construct # * * pending the amendment of the Zoning Ordinance to prevent such use.” They allege that the Zoning Board is precluding them from obtaining administrative or any other relief. Finally, petitioners argue deprivation of property without due process, denial of equal protection and the discriminatory presumption that their activities have illegal intent and purpose.
A Town Building Inspector shall issue building permits required pursuant to ordinance (Town Law, § 138). It is argued that his failure to do so here was arbitrary. There is, however, no claim that the Building Inspector’s action was initially unconstitutional. It is repeatedly characterized simply as arbitrary. *911 To this extent then petitioners are relegated to an appeal to the respondent Board of Appeals, since the permits were refused because “ The Zoning Ordinance * * * does not permit such a structure ” (cf. Matter of Colonial Estates v. Stanco, 39 Misc 2d 396). On the other hand, allegations directed to a purported plan of respondents to delay, impede and prevent the acquisition of vested rights, negating petitioners’ constitutional rights, raise issues of a magnitude and substance beyond the competence of the board on a simple appeal from the refusal to issue permits (Matter of Cherry v. Brumbaugh, 255 App. Div. 880).
There is no charge that the Building Inspector alone and at first delayed or hindered petitioners. In fact, the particular delay complained of, that of the Board of Appeals in failing to render its decision on the propriety of the denial of permits heard October 6, 1966, was still pending when this proceeding (CPLR, art. 78) was instituted October 17, 1966. The appeal, of course, was founded upon the contention that the permits sought actually were in compliance with the ordinance. After 11 “no-decision” days this application was made. Despite a belief that the proposed amendment to the ordinance would destroy their status, petitioners’ position is generally anemic in that the denial is seemingly at least not prima facie arbitrary. Moreover, the so-called delay on the appeal, whether intended to allow for an amendment or not, does not ipso facto create a right to issuance, nor does it even appear that issuance must create a vested right (Haussman v. Oatley, 285 App. Div. 832; cf. Dengeles v. Young, 3 A D 2d 758; Dubow v. Ross, 254 App. Div. 706). The so-called delay attributed to the Zoning Board, which when boiled down amounts to no more than a conclusory assumption, offers little in the way of practical support for the legal proposition advanced by petitioners (Matter of Whittaker v. Burns, 13 Misc 2d 513). Petitioners’ appeal to the Zoning-Board has effectively limited our review to its review of the denial of permits (Matter of Dairy Barn Stores v. Perlman, 40 Misc 2d 959).
The immediate mandamus-type of relief sought is apparently unavailable now in any event absent either a decision of the board or some (missing) sign that the relief sought is proper, necessary and within our competence at this stage of the proceedings (Rottkamp v. Young, 21 A D 2d 373, affd. 15 N Y 2d 831; Matter of Sindeband v. Kramer, 35 Misc 2d 1032). In this situation petitioners are seeking a way to a vested right and not a determination that such right already exists (see Matter of Roto Realty v. Volkman, 49 Misc 2d 506; Matter of Walton v. *912 Town of Brookhaven, 41 Misc 2d 798). If there is no permit it could be difficult to visualize a vested right, especially one that might withstand a subsequent amendment of the ordinance (Matter of Atlantic Refining Co. v. Zoning Board of Appeals of Vil. of Sloan, 14 Misc 2d 1022).
Although it is explicitly alleged that the board is slowing them down in violation of their constitutional rights, petitioners have not really questioned the denial of the permit per se. If the initial reaction to their application had been brought here directly we might have been able to pass upon that alone in terms of constitutionality (Catalfamo v. Zirk, 22 A D 2d 802; Matter of Colonial Estates v. Stanco, 39 Misc 2d 396). We are asked instead to consider the original denial as presumably improper, and then some 11 days of nondecision on that same issue by the board as unconstitutional (cf. Matter of Bobandal Realties v. Worthington, 21 A D 2d 784, affd. 15 N Y 2d 788).
It cannot be said that petitioners are beyond relief totally for not pursuing an administrative remedy (Radano v. Town of Huntington, 281 App. Div. 682; Glenel Realty Corp. v. Worthmgton, 161 N. Y. S. 2d 777). We do not find that rights have or have not vested (Matter of Gramatan Hills Manor v. Manganiello, 30 Misc 2d 117), but merely note that the question pervades this proceeding (Matter of Paliotto v. Dickerson, 22 A D 2d 929). The respondents have submitted affidavits which generally refute the allegations of the petition both as to its categorization of facts and the conclusions to be drawn therefrom. Although we might have entertained an objection in point of law (CPLR 7804, subd. [f]) as more to the point, factual issues have been raised which of course must inevitably lead to a trial thereof (CPLR 7804, .subd. [h]). Pending such trial, however, we may not direct respondents to perform their duties, ostensibly reasonable and legitimate to this point and certainly beyond the reach of instant mandamus. The issues raised shall be tried November 7, 1966, subject to such further application as either side may make then for an extension of time for preparation of such trial.