Morton B. Silberman, J.
Plaintiffs move for partial summary judgment in an action in which they seek a judgment that a certain ordinance adopted by the defendant City of New Rochelle is unconstitutional and void.
The ordinance under attack is a so-called interim or “ stopgap ” ordinance. Plaintiff Oakwood Island Yacht Club, Inc., is the owner of a 12-acre island known as Oakwood Island or Clifford Island. The property is within the territorial limits of the City of New Rochelle. Plaintiff S. B. & W. Investors, Inc. is the holder of an option to purchase said property. Under the existing zoning ordinance of the City of New Rochelle, said property has been zoned and continues to be zoned for use for garden type apartment houses, among other uses.
On January 4, 1968 plaintiffs applied to the city’s Bureau of Buildings for a permit to construct garden type apartment houses and for approval by the Planning Board of a site plan for such development. On June 25, 1968 the site plan was approved by the Planning Board subject to certain conditions concerning roads. (There were certain other conditions not germane to the within litigation.) Having obtained the site plan approval, plaintiffs again applied on July 22, 1968 for a building permit. The city’s Bureau of Buildings refused to review the building plans or to issue a permit. The sole reason given for such refusal was that the City Council on July 1!5, 1968 had adopted an ordinance prohibiting all construction work or the issuance of building permits upon this property for a period of six months. The ordinance was in the form of an amendment to the city’s Building Code. It recited in sub *356 stance that because the city had applied to the State for funds to acquire this island (and three others) by purchase or condemnation for park and recreation purposes, that the City Council ‘ ‘ deems it necessary that construction on the foregoing properties should be .stayed for a period of six months ’ ’. The ordinance (No. 208) amended the Building Code of the city by prohibiting all building on this property for six months (until Dec. 15, 1968).
On December 9, 1968 the City Council adopted another ordinance (No. 350) which extended the prohibition of any building on this property for another six months (until June 9, 1969).
Plaintiffs ’ complaint herein seeks among other things, a judgment declaring the said ordinance void for being a deprivation of plaintiffs’ use of their property without due process of law in violation of plaintiffs’ rights under the State and Federal Constitutions.
The ordinance clearly deprives plaintiffs of the use of their property. Defendant’s sole basis of attempted legal justification of this ordinance is its contention that the city in the near future may want to appropriate this property for park purposes. The city is in effect .saying by this ordinance that because we may want to appropriate your property in the future, you may not build upon it now. The city cites no prece - dent for such legislation. The only precedents for any ‘ ‘ stopgap ” ordinances are ordinances which have been adopted by municipalities to prevent building pending the adoption of comprehensive master plans or zoning ordinances. Such “ stopgap ” legislation, when adopted for the purpose of prohibiting building pending the adoption of a comprehensive zoning ordinance, has received judicial approval in three reported decisions (Matter of Hasco Constr. Corp. v. Dassler, 143 N. Y. S. 2d 240; Matter of Lo Conti v. City of Utica, 52 Misc 2d 815; Matter of Rubin, 54 Misc 2d 338). The Hasco case and the Rubin case reached the Appellate Division but the constitutionality of the ‘ ‘ stop-gap ’ ’ question was not involved in either appeal. These decisions in effect upheld the authority of a municipality to adopt ordinances prohibiting building for a reasonable time pending consideration of new comprehensive zoning ordinances. The ordinance in Hasco provided for a 60-day prohibition. In Lo Conti, four months and in Rubm 90 days. Two courts have held that such “ stop-gap ” ordinances, even for the purpose of prohibiting building for a limited time pending the adoption of a master plan or a comprehensive zoning ordinance, may not be used to prohibit a property owner from building in accordance with the existing zoning (Matter *357 of Gramatan Hills Manor, 30 Misc 2d 117; Matter of Tappan Zee Bldg., N. Y. L. J., April 30, 1959, p. 16, col. 5).
Thus it can be seen that there is a division of authority even when dealing with “ stop-gap ” ordinances which are strictly limited in time and adopted in conjunction with pending comprehensive zoning ordinances or master plans. There is neither case authority nor statutory authority for adopting an ordinance to prevent a property owner from building upon his property because the municipality in the future may seek to obtain it by condemnation. Similar legislation enacted by this defendant for the same purpose was held invalid by Mr. Justice Brehetaet of this court in Roer Constr. Corp. v. City of New Rochelle (207 Misc. 46).
In the within case now before this court the city, by means of an amendment to its Building Code is prohibiting plaintiffs from obtaining a building permit for a use which is permitted by the Zoning Ordinance, solely because the city in the future may want to obtain the property for park purposes. Some nine months have passed since the adoption of the ordinance. Condemnation proceedings have still not been commenced. In the meantime, the plaintiff property owner has been completely denied the use of its property without compensation. This constitutes a deprivation of property without due process of law and is thus violative of the State Constitution and the Federal Constitution.
The city sets forth in its answer an affirmative defense that plaintiffs will not be able to obtain a building permit because the property does not have the street access required by section 36 of the General City Law and the Zoning Ordinance of the City of New Rochelle. The city’s affidavit in opposition to this motion for partial summary judgment concentrates on this defense. Little effort is expended by the city in trying to justify the constitutionality of this ordinance. As has been stated, no precedent is cited in support of the constitutionality of an ordinance such as this one. It is of .some interest to note that Justice McCullough of this court, within the past month, held another ‘ ‘ stop-gap ’ ’ ordinance of this same city to be unconstitutional. (Starner v. Ruskin, N. Y. L. J., Feb. 26, 1969, p. 35, col. 2). The defense of no street access has no bearinng whatever on the issue to be determined on this motion. Whether plaintiffs are or are not legally entitled to a building permit is not the issue to be determined on this motion. Unless this ordinance is vacated, plaintiffs will not even be able to apply for a building permit and will not be able to have their plans passed upon by the city’s Bureau of Buildings. Accordingly, *358 such defense and .such argument have no relevancy to the issue before this court on this motion.
This court determines that the Ordinance No. 208, and Ordinance No. 350 which extended said Ordinance No. 208 are unconstitutional and invalid. Plaintiffs’ motion for partial summary judgment is granted to the extent that an order may be entered herein directing the entry of judgment declaring the said ordinances to be unconstitutional and invalid, and declaring that the plaintiffs are entitled to have defendant’s Bureau of Buildings entertain and consider plaintiffs’ application for a building permit upon its merits.