■ RUBIN GRIEFER, Appellant, v. MARVIN NEWMAN et al., Respondents.— In an action, in which the complaint alleges three separate causes of action: (1) to recover damages for breach of contract; (2) to recover damages for fraud; and (3) to declare that a certain restrictive covenant is null and void, the plaintiff appeals from an order of the Supreme Court, Queens County, dated August 14, 1963, which granted the individual and corporate defendants' motions to dismiss the complaint for patent insufficiency, with leave to replead. Order reversed, with $10 costs and disbursements, and motions to dismiss the complaint denied. The time of the defendants to answer the complaint is extended until 30 days after entry of the order hereon. In our opinion, the first cause of action sufficiently pleads a cause of action to recover damages for breach of contract, and the second cause of action sufficiently pleads a cause of action to recover damages for fraud. Since the motions to dismiss for insufficiency were addressed to the complaint as a whole and not to each cause of action therein, the motions must be denied without considering the legal sufficiency of the third cause of action (*Stoehrer* v. *Sattler*, 18 A D 2d 683). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ In the Matter of JAMES A. Dow, an Infant, by His Guardian ad Litem, ERNEST A. DOW, et al., Respondents, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.— In a proceeding by an infant and his father pursuant to statute (General Municipal Law, § 50-e, subd. 5), for leave to serve a late notice of claim for damages for personal injury, loss of services, etc., the New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County, entered March 17, 1964, as granted such leave to the infant. Order, insofar as appealed from, affirmed, with $10 costs and disbursements to the infant (see *Matter of Pandoliano* v. *New York City Tr. Auth.*, 17 A D 2d 951). If not already served, the time of the infant plaintiff to serve the notice of claim is extended until 30 days after entry of the order hereon. Ughetta, Acting P. J., Brennan, Hill and Hopkins, JJ., concur; Rabin, J., concurs in the result, adhering, however, to the dissent expressed by him in *Matter of Pandoliano* v. *New York City Tr. Auth.* (17 A D 2d 951).