Clare J. Hoyt, J.
Petitioners, a syndicate owning a parcel of land .on the westerly side of Route 45 in the Town of Ramapo, bring this proceeding under article 78 of the CPLR for a declaration that .the interim development law of the Town of Ramapo (Local Law No. 2 of 1966, as amd. by Local Laws Nos. 4 and 6 of 1966) is unconstitutional or in the alternative for a judgment annulling as illegal, arbitrary and capricious, the decision of the Town Board denying a permit to erect a commercial building on petitioners’ property.
*339 In 1960 the premises were zoned MB. 35 (resident, office and specialized industries) and petitioners applied to the Town Board for a change to a CH (Highway Business) District. The change was granted but was conditioned upon petitioners’ imposing restrictions on the parcel that no gasoline ¡station would be erected thereon until a specified area of the parcel was improved with a shopping area, that homes thereon would have minimum lot sizes of 25,000 square feet, and that if construction were not commenced within two years the zoning classification would revert to an MB 35 zone after publication and posting. A declaration of covenants and restrictions imposing these conditions was executed and recorded in the Bockland County Clerk’s office. The instrument^ executed by the defendant town as well as the petitioners, provided for its amendment or modification upon the consent of petitioners and the town and further that it would expire in 20 years or upon a comprehensive change in zoning, whichever should first occur.
Petitioners successfully applied to the Town Board for several extensions ¡of the two-year time limit to commence construction, the last extension granting them until November 25, 1966 to commence construction.
In 1965 petitioners sold .off a portion of the parcel and a building permit was issued for the construction of an automobile sales and service agency. This structure has been completed. In May, 1966 petitioners contracted to sell another portion of the premises to a purchaser who contemplated the erection of another automobile sales and service agency.
Meanwhile the defendant town with the aid of State and Federal agencies undertook the adoption of a master plan for the Town of Bamapo preparatory to a comprehensive change in its zoning ordinance.
On June 2, 1966 by Local Law No. 2 the defendant town enacted an interim development law, the effect of which was to freeze all improvements in those areas of the town whose zoning classification would be changed if the recommendations of the master plan were adopted. In area this constituted some 75% of the town. This local law prohibited the issuance of any building permits within the areas where changes were contemplated for a period of 90 'days. Subsequent local laws (Local Laws Nos. 4 and 6 of 1966) extended this moratorium for first 30 days and then until the effective date of the 1966 comprehensive amendment to the zoning law. The interim development law provided that the Town Board shall have the power to vary or modify the application of any of its provisions upon the *340 Board’s determination in its absolute legislative discretion that such variance or modification is consistent with the spirit of the comprehensive master plan adopted on July 26, 1966 and with the health, .safety, morals and general welfare of the town. The law provided that upon receipt of any such application, the Town Board should refer the same to the Planning Board for a report with respect to the effect of the prospective variance or modification upon the master plan.
Petitioners’ purchaser made application to the Town Board for a variance and submitted site and layout plans for the proposed automobile sales and service building. The Town Board forwarded the same to the Planning Board. The return made by respondents contains but .two indications of any action taken on the request; the minutes of the Planning Board which show only that applicant’s letter was read to the Planning Board and after a discussion by the Planning Board the adoption of a resolution recommending to the Town Board .the denial of the application on the ground that “ this would cause a major conflict with the Master Plan ”. Upon this “ written recommendation ” the defendant Town Board denied the application.
First we turn to petitioners ’ attack on the constitutionality of the interim zoning law. They contend that the local law prohibiting the issuance of any building permit in an area where the zoning classification may be changed in accordance with the proposals contained in the master plan is discriminatory, lacking in .standards and beyond the power of the Town Board to adopt.
Legislation .of this kind, often referred to as a stop-gap ordinance, has been supported in many foreign jurisdictions and by the text writers, provided the moratorium is limited to a reasonable time. As was said in Matter of Hasco Gomtr. Corp. v. Dassler (143 N.Y.S. 2d 240, 242-243):11 The court is inclined to the opinion that the local legislative body was vested with the authority to enact reasonable stop-gap or interim legislation prohibiting the commencement of construction for a reasonable time during consideration of proposed zoning changes. * * * However, it is clear that a local legislative body does not have the power to legislate away vested rights. It may by an interim or stop-gap ordinance stop for a reasonable time the commencement of .all building in an area under immediate consideration for zoning or re-zoning, but it may not by such an ordinance halt building operations which were begun under a lawfully issued permit and which were continued in good faith to the extent that the property owner had secured vested property rights.”
*341 The interim zoning law here under review is in the court’s opinion a valid one. The master plan has been in preparation for a long time and was finally adopted on July 26, 1966. Certainly, if property owners were free to obtain building permits and commence the improvement of their properties as allowed by the existing zoning ordinance knowing that such action would have to be taken before the effective date of the amendments to the zoning ordinance which might be promulgated pursuant to the master plan, the amendments would in many instances be ineffectual. It is a sensible and practical way to insure that decisions on land usage, arrived at on the adoption of the master plan but not yet enforcible because the zoning amendments have not been adopted, can be effective, provided, of course, they be embraced in the amendments.
The court’s only concern is with the extension of the interim zoning law until the adoption of the amendments to the Zoning Ordinance without an express time limit being fixed for such action. Two provisions of the istop-gap ordinance solve this problem. First, the last extension of the ordinance is for a ‘6 period up to and including the effective date of the 1966 Comprehensive Amendment to the Zoning Ordinance of the Town of Ramapo”. Thus, unless the Town Board had passed such a comprehensive amendment before December 31, 1966, the stopgap ordinance would terminate. In addition, the effective date of the amendment is 10 days after publication and posting of the same (Town Law, § 265). The publication and posting must be accomplished within a reasonable time (Cohn v. Town of Cazenovia, 42 Misc 2d 218) and so the happening of the event that will terminate the stop-gap ordinance is determinable. The time so alloted to the Town Board is not unreasonable. Moreover, during the freeze or .stop-gap period the ordinance provides a means of according relief from its strict terms by application to the Town Board and the issuance of a special permit. These provisions satisfy constitutional requirements.
Finally, the denial of petitioners’ application for such a special permit has not been shown to be arbitrary or capricious. Indeed it appears that the proposed zone classification of petitioners’ land under the master plan is residential so there is ample warrant for the Town Board’s refusal to permit a commercial use on such property.
The other objections raised by petitioners have been considered and rejected.