In the Matter of SIDNEY RUBIN et al., Appellants, v. JOHN F. McALEVEY et al., Constituting the Town Board of the Town of Ramapo, et al., Respondents. — Judgment of the Supreme Court, Rockland County, entered March 3, 1967, affirmed, without costs. As in *Matter of Belclaire Holding Corp.* v. *Klingher* (28 A D 2d 689), this court is presented with an appeal arising out of the Town of Ramapo's adoption of a stop gap zoning ordinance (Interim Development Law of the Town of Ramapo [Local Laws, 1966, No. 2 of Town of Ramapo]), i.e., an interim freeze on issuance of permits until the enactment of a new comprehensive zoning ordinance. Petitioners were denied a variance from the application of that ordinance; they seek to upset that denial and also attack the constitutionality of the stop gap ordinance. Subsequent to the application for a building permit, subsequent to the application for a variance, and subsequent to the commencement of this proceeding pursuant to CPLR article 78, a new master comprehensive zoning ordinance (Town of Ramapo Comprehensive Building Zone Amended Ordinance of 1966 [eff. Jan. 24, 1967]) was enacted. Thus, under the presently obtaining law, petitioners may not have a building permit of the variety they seek (*Matter of Boardwalk & Seashore Corp.* v. *Murdock*, 286 N. Y. 494; *Matter of Belclaire Holding Corp.* v. *Kleingher, supra*). Under these circumstances, we do not pass on the constitutionality of the stop gap ordinance. Additionally even if we were to accept petitioners' challenge to that ordinance, they would be in no better position than they are now, because they acquired no vested rights, via their previous endeavors in seeking a building permit, which could now ripen into the issuance of the building permit (*Matter of Belclaire Holding Corp.* v. *Kleingher, supra*). Also pertinent in this regard is the fact that petitioners claim that their primary objective is the issuance of a building permit pursuant to a variance; since they chose to seek this relief under the provisions of the stop gap ordinance, they may not in the same proceeding be heard to attack that very law whose benefits they sought and whose procedures they utilized (*Matter of Belclaire Holding Corp.* v. *Kleingher, supra*). We note in passing that petitioners in this case enjoyed no saving clause as had been made available to the petitioners in *Belclaire* (*supra*). There, the Special Term had directed the issuance of a building permit prior to the adoption of the new master comprehensive zoning ordinance. When that ordinance was adopted it specifically preserved whatever rights the petitioners in *Belclaire* had under their judgment, unless the judgment were modified or reversed on appeal. We did, of course, reverse the Special Term in *Belclaire* and this further demonstrates the a fortiori application of *Belclaire* to the present appeal. The appellants before us can be in no better position than the petitioners in *Belclaire,* who started out with advantages the present appellants did not enjoy. Next, we observe that the private 1961 "Declaration of Restrictive Covenants" between petitioners and the town is of no consequence to the determination of whether a building permit should be granted. That document has two automatic cutoffs, both of which appear to have become operative, i.e., a new master comprehensive zoning ordinance has been adopted and no construction was commenced within two years after the agreement, even counting the extensions that were granted on that time period by the town. We lastly find, as we did in *Belclaire* (*supra*), that the denial of the variance by the Town Board, on the recommendation of the Town's Planning Board, was not arbitrary or capricious. Beldock, P. J., Christ, Hopkins, Benjamin and Munder, JJ., concur. [54 Misc 2d 338.]