LAKE ILLYRIA CORPORATION, Appellant, *v.* TOWN OF GARDINER et al., Respondents.

Third Department, February 7, 1974.

*Lloyd L. Rosenthal* for appellant.

*Alfred Hafke* for respondents.

HERLIHY, P. J. This is an appeal from an order of the Supreme Court at Special Term, entered October 30, 1972 in

Ulster County, which denied plaintiff's motion for summary judgment.

Plaintiff is the owner of certain real property located along Route 299 in the Town of Gardiner, Ulster County, State of New York. Starting in 1968 the respondent Town Board annually enacted local laws prohibiting any use of property for anything except residential purposes unless a variance was approved by the Town Board. At the time this action was commenced, the applicable ordinance was effective for one year from January 5, 1972 through January 4, 1973 " pending the preparation and enactment of a comprehensive Zoning Law." The subject ordinances were denominated as interim or stop-gap legislation to maintain the *status quo* pending the preparation and enactment of a comprehensive [zoning] ordinance.

The interim ordinance, however, permitted, under certain circumstances during the limited period of its existence, the granting of a variance. This procedure might well be considered " spot zoning ". In *Rodgers* v. *Village of Tarrytown* (302 N. Y. 115, 124) the court stated that " spot zoning " was the antithesis of " planned zoning ". It was further stated that an ordinance enacted in accordance with a comprehensive zoning plan would not be " spot zoning " even though it (1) singles out and affects one small plot or (2) creates in the center of a large zone, small areas or districts devoted to a different use. It appears, inferentially, that where there is no comprehensive plan, as in the present instance, such exceptions by way of a variance would or might constitute " spot zoning."

The plaintiff had attempted to obtain permission for a commercial use of its property and, after refusal, brought this action for a declaratory judgment that the local law restricting uses was unconstitutional.

Special Term found an issue of fact as to whether or not the ordinance was enacted in " good faith " and accordingly, denied summary judgment. From the face of the annual ordinance it is apparent that over the three years preceding the one effective January 5, 1972 no comprehensive zoning law had been enacted by the town. Under such circumstances of delay, there would be no apparent saving grace from " good faith " and there is no question of fact presented. Local governments have the authority under State enabling acts to enact *reasonable* stop-gap or interim zoning measures to halt, for a *reasonable* time, construction in areas under consideration for zoning or rezoning. (See *Oakwood Is. Yacht Club* v. *City of New Rochelle,* 59 Misc 2d 355, affd. 36 A D 2d 796; *Matter of Hasco Elec. Corp.* v. *Dassler,* 143 N. Y. S. 2d 240.)

The dispositive issue of this appeal is whether the ordinance is valid and enforceable as against the property changes sought by the plaintiff. Although the ordinance in effect at the time of this proceeding has expired, plaintiff in its brief asserts that it was re-enacted in 1973, and the continuing course of conduct by the town clearly demonstrates that the issue is not moot and should be decided.

It is well established that towns have no inherent power to restrict the use of land and such power to enact zoning must be founded upon a delegation of power by the State. (See *Matter of Golden* v. *Planning Bd. of Town of Ramapo*, 30 N Y 2d 359, 369–370, app. dsmd. 409 U. S. 1003.) There is no way in which a town can enact permanent zoning without first having arrived at a comprehensive plan. (See Town Law, art. 16.) In *Udell* v. *Haas* (21 N Y 2d 463, 468–469) the court observed, " In our view, sound zoning principles were not followed in this case, and the root cause of this failure was a misunderstanding of the nature of zoning, and, even more importantly, of its relationship to the statutory requirement that it be ' in accordance with a comprehensive plan '." A comprehensive plan is essential to proper permanent zoning and the lack of it at the time the interim ordinance was adopted is conclusively established by section 8 thereof for the year 1972 which provided that it was to be in effect " pending the preparation  *  *  *  of a comprehensive zoning law ".

*The purpose of " stop-gap " zoning is to allow a local legislative body, pending decision upon the adoption of a comprehensive zoning ordinance, to take reasonable measures temporarily to protect the public interest and welfare until an ordinance is finally adopted..* Otherwise, the eventual comprehensive zoning ordinance might be of little avail.

While it might be deemed a proper exercise of power for the town to freeze building uses when the town is *actively* engaged in the enactment of a comprehensive zoning law, the present case demonstrates the potential abuse of such a process by long delay and the inevitable spot zoning resulting from a variance procedure. The ordinance in question (1972) represents the fourth consecutive yearly enactment which provided for the same interim or " stop-gap " zoning, and throughout this period of time the only *meaningful* progress towards the preparation of a comprehensive plan has taken place relatively recently, since the appointment of a Zoning Commission on July 11, 1972. This appointment followed by almost four months the commencement of the instant lawsuit.

A course of conduct such as that followed by the town herein is plainly contrary to the purpose of interim or " stop-gap " zoning. Under the present circumstances, the absence of justification for such an exercise of power renders this four-year delay unreasonable.

Our attention has been directed to several decisions. *Matter of Lo Conti* v. *City of Utica* (52 Misc 2d 815) contains a good discussion of the issue of " stop-gap " ordinances, but the final determination there concerned the question of notice to the petitioners. *Matter of Rubin* v. *McAlevey* (54 Misc 2d 338, affd. 29 A D 2d 874) concerned a local law freezing all improvements in designated areas of the Town of Ramapo and is not pertinent or controlling to the present issue. *Matter of Belclaire Holding Corp.* v. *Klingher* (28 A D 2d 689) and *Connell* v. *Town of Brunswick* (5 A D 2d 932) are not controlling.

The order should be reversed, on the law and the facts, with costs, and summary judgment granted in favor of plaintiff declaring the Zoning Ordinance of the Town of Gardiner effective January 5, 1972 *ultra vires* and void. (See *Matter of Golden* v. *Planning Bd. of Town of Ramapo,* 30 N Y 2d 359, 370, *supra.*)

Cooke, Kane and Main, JJ., concur; Sweeney, J., concurs in the result.

Order reversed, on the law and the facts, with costs, and summary judgment granted in favor of plaintiff declaring the Zoning Ordinance of the Town of Gardiner effective January 5, 1972 *ultra vires* and void. (See *Matter of Golden* v. *Planning Bd. of Town of Ramapo, supra,* p. 370.)