■ HONORE DE ST. AUBIN et al., as Executors and Trustees of OVIDE DE ST. AUBIN, Deceased, et al., Respondents, v JAMES L. BIGGANE, as Commissioner of Environmental Conservation of the State of New York, Appellant. —In an action *inter alia* to declare that the Tidal Wetlands Act (Environmental Conservation Law, art 25) effected a *de facto* taking of the plaintiffs' property, the appeal is from an order of the Supreme Court, Nassau County,

dated July 1, 1975, which denied appellant's motion to dismiss the complaint for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. Plaintiffs are the owners of vacant lands situate at Lido, Town of Hempstead. Of their total 104 acres, approximately 74 acres are considered wetlands under the Tidal Wetlands Act (the Act). Most of the remaining 30 acres are within 300 feet of the said wetlands and, under the Act, constitute an area "immediately adjacent" to the wetlands. Prior to September 1, 1973, the effective date of the Act, all plaintiffs or their predecessors had filed tentative subdivision maps of their land and had filled portions thereof in furtherance of a plan to use their properties for residential building sites. However, on September 6, 1973, appellant ordered plaintiffs St. Aubin, under the authority of ECL 25-0202, to cease and desist filling their land. That statute prohibits the alteration of any tidal wetlands, or of any areas immediately adjacent thereto, as the Commissioner of Environmental Conservation deems necessary to preserve the policies and provisions of the Act, until the effective date of land-use regulations to be adopted. As a consequence, all plaintiffs (or their predecessors) sought moratorium permits in order to continue their landfills. The Commissioner is empowered to issue such permits under ECL 25-0202 (subd 2) upon a showing of hardship and that the planned development will not be in derogation of the purposes and policies of the Act. The applications were denied following public hearings. Plaintiffs allege in their complaint, *inter alia,* that the Act deprives them of all reasonable use and enjoyment of their properties and constitutes a *de facto* taking thereof because it prevents them from putting their land to its only economic use without providing just compensation therefor. We agree with Special Term that the complaint is legally sufficient. Plaintiffs did not have to commence an article 78 proceeding pursuant to ECL 25-0202 (subd 3). The exercise of a power which offends against the Constitution may be attacked in a declaratory judgment action (see *Lutheran Church in Amer. v City of New York,* 35 NY2d 121). Nor is this action premature. As alleged, plaintiffs have been prevented from deriving any economic advantage from their property since September, 1973, although the tax assessment continues at its premoratorium level. While it is recognized that the State has the power to temporarily restrict the use of land, without compensation, for the purpose of conducting studies toward a comprehensive regulatory scheme, the duration of such a period cannot be unreasonable *(Matter of Rubin v McAlevey,* 54 Misc 2d 338). It has been held that, after a period of slightly less than two years, the moratorium provisions of the Act had not exceeded reasonable duration *(Matter of New York City Housing Auth. v Commissioner of Environmental Conservation Dept. of State of N. Y.,* 83 Misc 2d 89). In the case at bar, however, it is alleged that the moratorium period will continue until at least September 1, 1977, a total of four years; at present, it has in fact been operative as to the plaintiffs' land for two and a half years. The constitutionality of the moratorium provisions is thus subject to renewed inquiry. Having concluded that the complaint thus states a cause of action, and the motion to dismiss having been directed to the complaint as a whole, it is unnecessary on this appeal to consider the sufficiency of the remaining causes of action (see *Griefer v Newman,* 22 AD2d 696). Accordingly, the motion to dismiss was properly denied. Latham, Acting P. J., Damiani, Christ, Shapiro and Titone, JJ., concur.