■ In the Matter of SALVATORE RUSSO, Petitioner, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Environmental Conservation, dated March 10, 1975 and made after a hearing, which denied petitioner's application for a moratorium permit pursuant to ECL 25-0202. Proceeding held in abeyance, with the provision that the respondent, within 180 days of the date hereof, set a date certain for the termination of the moratorium on alteration of tidal wetlands pursuant to ECL 25-0202. Petitioner is the co-owner of real property situated within the Village of Lawrence, Town of Hempstead, Nassau County. The property is in the tidal salt marsh adjacent to Crooked Creek. When the Tidal Wetlands Act, and its concomitant moratorium against alteration of wetlands, went into effect (ECL 25-0101 *et seq.* [L 1973, ch 790, § 2]) the petitioner applied for a permit pursuant to ECL 25-0202 (subd 2) to alter the land during the moratorium period in order to construct a one-family home. After a hearing was held, the hearing officer found that (1) the petitioner was not suffering financial hardship and (2) the proposed work would contravene the policy of protecting tidal wetlands. He recommended that the permit be denied. That recommendation was adopted by the respondents. Petitioner alleges, *inter alia,* that the act, as applied, deprives him of all reasonable use and enjoyment of his property, and constitutes a *de facto* taking thereof, because it prevents him from putting his land to its only economic use without providing just compensation therefor. While it is recognized that the State has the power to temporarily restrict the use of land, without compensation, for the

purpose of conducting studies toward a comprehensive regulatory scheme, the duration of such a period cannot be unreasonable *(Matter of New York City Housing Auth. v Commissioner of Environmental Conservation,* 83 Misc 2d 89; *Matter of Rubin v McAlevey,* 54 Misc 2d 338, affd 29 AD2d 874). In the case at bar, the moratorium has, in fact, been operative as to petitioner's land for over three years. Nor is there any indication as to when this moratorium will end. The constitutionality of the moratorium provisions is thus subject to renewed inquiry *(de St. Aubin v Biggane,* 51 AD2d 1054). Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.