■ In the Matter of SALVATORE RUSSO, Petitioner, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Environmental Conservation, dated March 10, 1975 and made after a hearing, which denied petitioner's application for a moratorium permit pursuant to ECL 25-0202. By order dated January 24, 1977 this court directed the respondents, within 180 days thereof, to set a date certain for the termination of the moratorium on alteration of tidal wetlands pursuant to ECL 25-0202 and the proceeding has been held in abeyance in the interim (Matter of Russo v New York State Dept. of Environmental Conservation, 55 AD2d 935). Appropriate regulations have been filed. Proceeding dismissed as academic, without costs or disbursements. "Land Use Regulations" for tidal wetlands were filed on July 21, 1977 and became effective on August 20, 1977 (6 NYCRR 661.1 et seq.). Hence, as of that latter date, the moratorium ended (see ECL 25-0202, subd 1). At oral argument there was some question raised as to whether the property involved is even presently inventoried as a tidal wetland; however, this issue is not in the record before us. Accordingly, this review of the denial of a moratorium permit is academic. Hopkins, J. P., Martuscello, Damiani and Cohalan, JJ., concur.

■ In the Matter of MARGARET ZULKOFSKE, Respondent, v BOARD OF ZONING APPEALS OF THE INCORPORATED VILLAGE OF MUTTONTOWN, Appellant. —In a proceeding pursuant to CPLR article 78 to review appellant's determination which, after a hearing, denied petitioner-respondent's application for an area variance, the appeal is from a judgment of the Supreme Court, Nassau County, entered September 27, 1976, which annulled the determination and remitted the matter to appellant for a new hearing and determination. Judgment affirmed, without costs or disbursements. We agree with Special Term's conclusion that, upon remand, the board "should state how the creation of a lot of 1.6 acres will not be compatable [sic] with the surrounding neighborhood and adversely affect property values" and that it "should indicate the manner in which a 1.6 acre parcel would not be in harmony with the general purpose and intent of the village's land use plan." However, it is noted that the condemnation award paid to petitioner apparently acknowledged the fact that she was left with a substandard lot and compensated her on the basis that her remaining property would be salable only to an adjoining owner. Accordingly, we believe it to be incumbent upon petitioner to show the amount, if any, which her adjoining neighbors (particularly the neighbor to her north, who also owns a substandard parcel) would be willing to pay for her land, as well as the cost to her to purchase all, or part, of the adjoining property. Only by means of such evidence would it be possible to ascertain whether petitioner has truly suffered any economic loss. Hopkins, J. P., Titone, Suozzi and Margett, JJ., concur.