■ In the Matter of NOYAC CIVIC COUNCIL, INC., et al., Petitioners, v PETER A. A. BERLE, as Commissioner of the Department of Environmental Conservation, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent commissioner, Department of Environmental Conservation, dated July 15, 1977 and made after a public hearing, which granted permission to respondent Burke to construct a boat dock in certain State tidal waters. Determination confirmed, and proceeding dismissed on the merits, with one bill of $50 costs and disbursements jointly to respondents. Respondent Edward Burke applied for permission in 1976 to construct a dock to adjoin his restaurant located on Noyac Bay in Suffolk County. The applicant had to show that the proposed activity would not despoliate the tidal wetlands; that it would comply with applicable Federal effluent limitations; and, at the time, that he would suffer financial hardship if permission to construct the dock were withheld (see ECL arts 15, 25). The financial hardship provision (6 NYCRR 660.5) was contained in regulations that were promulgated pursuant to the moratorium period (ECL 25-0202) provided in the Tidal Wetlands Act (ECL art 25) to allow time to undertake an inventory of the State's wetlands (ECL 25-0201) preparatory to promulgating final regulations. The final regulations were issued, effective August 20, 1977 (see 6 NYCRR Part 661). They do not carry forward the hardship provision. To review the evidence under that standard is, therefore, unnecessary (cf. *Matter of Pierce Yacht Basin v Berle,* 61 AD2d 823; *Matter of Russo v New York State Dept. of Environmental Conservation,* 61 AD2d 824). Assuming, *arguendo,* that we did not find substantial evidence of financial hardship, a new application could be made which would then be reviewed by the respondent commissioner without reference to hardship (see 6 NYCRR 661.21 [a] [2]). Inasmuch as there is substantial evidence to show that the requirements of the other applicable laws and regulations have been met (which are the requirements that would have to be met upon a reapplication) (e.g., ECL 15-0505, art 25; 6 NYCRR Part 661; 6 NYCRR

608.6) we find no basis upon which to overturn the determination under review. We note that the permit states that its approval may be reconsidered by the respondent commissioner "at any time". If petitioners' predictions of hazards, in fact, materialize, they are not without recourse. Suozzi, J. P., Lazer, Shapiro and Cohalan, JJ., concur.