■ SARLA SHAH, Respondent, v NEW YORK FOUNDLING HOSPITAL, Appellant.—In an action, *inter alia,* to recover damages for breach of a contract of employment, defendant appeals from so much of an order of the Supreme Court, Queens County, dated July 7, 1978, as (1) denied its motion to dismiss the plaintiff's first cause of action, (2) converted the action to a proceeding to compel arbitration, and (3) directed the parties to proceed to arbitration. Order modified, on the law, by deleting from the first decretal paragraph thereof everything following the words "of the defendant agency". As so modified, order affirmed insofar as appealed from, without costs or disbursements. Defendant's time to answer the petition to compel arbitration is extended until 20 days after service of a copy of the order to be entered hereon together with notice of entry thereof. In late 1976 plaintiff was informed by her employer, defendant New York Foundling Hospital, that her employment would be terminated shortly thereafter because of her unsatisfactory work performance. Plaintiff then initiated a proceeding before the State Division of Human Rights claiming that defendant was discharging her in retaliation for her having filed a prior complaint with the division. The division found no probable cause that defendant had engaged in a retaliatory practice and dismissed the complaint. Plaintiff also sought

review of the defendant's action through a grievance procedure outlined in the defendant's personnel policies handbook. The grievance procedure set forth therein provides for the parties to designate their arbitrators and proceed to arbitration. However, defendant refused to designate an arbitrator, insisting that the grievance procedure was not available to resolve a disputed discharge for sufficient cause. Plaintiff then instituted the instant action seeking, *inter alia,* damages for loss of income from the date of her discharge. Defendant did not file an answer but chose instead to move to dismiss the complaint upon the grounds that it failed to state a cause of action and that it was barred by the doctrine of *res judicata,* plaintiff's claim having already been determined by the State Division of Human Rights. The court determined that the dispute was arbitrable and it therefore denied the motion to dismiss, converted the action to a proceeding to compel arbitration pursuant to CPLR article 75 and ordered the parties to proceed to arbitration. In our opinion Special Term erred in granting affirmative relief to plaintiff on defendant's motion to dismiss. In effect, the court treated the motion to dismiss as a motion for summary judgment, which searches the record, and then granted affirmative relief to plaintiff. While CPLR 3211 (subd [c]) authorizes a court to treat a motion to dismiss as a motion for summary judgment, it must first notify the parties that it intends to do so (CPLR 3211, subd [c]; *Rovello v Orofino Realty Co.,* 40 NY2d 633; *Mareno v Kibbe,* 32 AD2d 825). It is not enough that the papers submitted contain adequate proof to justify the granting of summary judgment; the parties are entitled to know the purpose for which the court will make use of the evidence *(Rovello v Orofino Realty Co., supra).* Since the court did not notify the parties that it intended to treat the motion to dismiss as one for summary judgment it erred in directing them to proceed to arbitration. Special Term had the power to convert the plaintiff's contract action to a proceeding to compel arbitration (see CPLR 103, subd [c]; 3017, subd [a]; *Matter of Phalen v Theatrical Protective Union No. 1,* 22 NY2d 34; *Matter of Corbeau Constr. Corp. v Board of Educ.,* 32 AD2d 958). Moreover, the plaintiff has not objected to the change. If the plaintiff wishes to pursue a contract remedy as an alternative measure, she may amend her pleading to include it (CPLR 3017, subd [a]). On this appeal defendant claims that the contents of its personnel policy handbook did not constitute a contract to arbitrate. That issue may properly be raised in its answer. As for the defendant's claim that the action is barred by the doctrine of *res judicata* this contention was properly rejected by Special Term. The fact that defendant did not discharge plaintiff in retaliation for her prior resort to the State Division of Human Rights does not mean that defendant was legally entitled to discharge plaintiff under the terms of the alleged contract between the parties. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.