■ In the Matter of MARY A. FRITZ, Individually and on Behalf of all Others Similarly Situated, Appellant, v BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 22, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review the petitioner's termination as a regularly employed teacher in the respondent school district, the petitioner appeals from so much of an order of the Supreme Court, Nassau County, dated December 2, 1977, as directed that she receive no seniority credit for the three years and six months of service rendered prior to her resignation in 1966 and reappointment in 1967. Order reversed, insofar as appealed from, without costs or disbursements, and the provisions of the petition seeking seniority credit for the period in question are reinstated. The respondent board of education abolished certain elementary school teaching positions and consequently, by letter dated April 1, 1977, the petitioner was notified that her services would be terminated on June 30, 1977. The petitioner commenced this proceeding in which she challenges, *inter alia,* her discharge and the computation of her seniority status. In November, 1961 the respondent board first appointed the petitioner to a position as an elementary school teacher. Her probationary period commenced on Janaury 1, 1962 and, subsequently, in December, 1964, she received tenure. Effective June 30, 1966, the petitioner's resignation from her full-time position for reasons of fulfilling family obligations was accepted. During the 1966-1967 school year, the petitioner was employed by the respondent board as a substitute teacher. Effective September 1, 1967 the respondent board reappointed the petitioner to a full-time teaching position in the elementary tenure area. In determining the petitioner's seniority, the board only considered the period of employment from the time of the 1967 reappointment. The petition, which sets forth several causes of action, essentially alleges that the computation of seniority was improperly calculated vis-à-vis (1) the consecutive period of postresignation employment, from the 1967 reappointment, and (2) the exclusion of the period of preresignation employment under the 1961 appointment. The board interposed an answer which contained several procedural and substantive affirmative defenses, which generally sought dismissal of the petition as a whole. Although the record contains no formal motion papers, the board apparently made a motion to

dismiss the petition pursuant to CPLR 3211 (subd [a], pars 3, 7). The resulting order directed, *inter alia,* that: "in computing the seniority of the petitioner, MARY A. FRITZ, no seniority credit shall be allowed to her for three years, six months services rendered by petitioner to respondent prior to petitioner's resignation from respondent's employ in the year 1966." The petitioner appeals from the above portion of Special Term's order. A review of the underlying memorandum decison reveals that the order, insofar as appealed from, was premised upon a rejection of that portion of the petition which seeks inclusion of the preresignation period of employment by virtue of a retroactive application of a now effective rule governing the computation of seniority (8 NYCRR 30.1 [f]). However, Special Term failed to rule on those other portions of the petition which request the same relief, i.e., seniority credit for the preresignation period of employment, on different grounds. For instance, the fourth cause of action alleges that the board has credited nonconsecutive and preresignation periods of employment in calculating the seniority status of other employees. Such allegations sufficiently establish a cause of action regarding the board's prior custom and procedure as to withstand a motion to dismiss pursuant to CPLR 3211 (subd [a], par 7). In addition, Special Term specifically sustained those causes of action which challenge the calculation of seniority credit for the postresignation period of employment (i.e., from the 1967 reappointment). The established rule is that when an application to dismiss for insufficiency is addressed to the complaint as a whole and not to the individual causes of action therein, the sufficiency of any such cause of action requires that the application be denied in its entirety (see *de St. Aubin v Biggane,* 51 AD2d 1054; *Griefer v Newman,* 22 AD2d 696). Since the petition adequately alleges viable causes of action, it was unnecessary to reach the merits of any particular claim. Accordingly, it was improper to have absolutely excluded the general issue of whether the petitioner may receive seniority credit for her preresignation period of employment. We note that the instant record contains no indication that the board sought to have the motion to dismiss treated as a motion for summary judgment or that the court notified the parties that such treatment would be accorded (see CPLR 3211, subd [c]; *Rovello v Orofino Realty Co.,* 40 NY2d 633). Therefore, the more stringent requirements of defeating a motion for summary judgment are inapplicable to the present determination (see *Shah v New York Foundling Hosp.,* 69 AD2d 899). Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.