Alan L. Honorof, Esq. Corporation Counsel, Hempstead
You have asked whether the village board is authorized to enact a moratorium on the granting of certain use variances by the village zoning board of appeals. The Village of Hempstead currently has zoning regulations forbidding professional offices maintained by non-residents in resident "AAA" (highest rating) zones of the village. In the "AAA" zones, professional offices are permitted for residents only. The moratorium would apply to the granting of use variances by the zoning board permitting non-resident professional use in the resident "AAA" zones. You have indicated that the proposed moratorium would be of two to six months in duration for the purposes of studying the impact of the granting of the subject use variances.
Village Law, § 7-700 empowers a village board of trustees, by local law, inter alia, to regulate and restrict the location and use of buildings, structures and land for residence or other purposes. Such regulations, however, must permit a board of appeals to approve variances in harmony with the general purpose of promoting the health, safety and general welfare of the community (Village Law, § 7-700).
Village Law, § 7-708(1) provides, in part:
 "Such regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed by the board of trustees."
Village Law, § 7-712 mandates that the village board of trustees establish a board of zoning appeals. It provides, in part:
 "2. (c) . . . Where there are practical difficulties or unnecessary hardships in the way of carrying out the local law or ordinance, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the provisions of such local law or ordinance relating to the use, construction or alteration of buildings or structures, or the use of land, so that the spirit of the local law or ordinance shall be observed, public safety and welfare secured and substantial justice done."
In substance, Village Law, § 7-700 grants power to villages to adopt zoning regulations by local law. Pursuant to section 7-708, a village may then amend or repeal local zoning legislation. Sections 7-700 and 7-712 both require the establishment of a zoning board of appeals to determine whether to grant variances from permitted uses of buildings or of land.
Although the Village Law mandates that the zoning board pass upon applications for use variances, we believe that a village, through a reasonable and limited moratorium, may temporarily preclude a zoning board from exercising such power.
A village is authorized by local law to amend or supersede any provision of the Village Law relating to its property, affairs or government, or other subjects in which it has local law powers, notwithstanding that such provision is a general law, unless the Legislature expressly has prohibited the adoption of the proposed local law (Municipal Home Rule Law, § 10[1][ii][e][3]). Courts have ruled that this provision authorizes a village to supersede or amend a "general" State law consolidated in the Village Law (Rozler v Franzer, 61 A.D.2d 46 [4th Dept, 1978], affd on App. Div. opn 46 N.Y.2d 760 [1978]). Since Rozler,
courts have specifically held that a parallel provision of the Municipal Home Rule Law authorizes towns to adopt local zoning laws amending or superseding a general State law pertaining to zoning (North BayAssociates v Hope, 116 A.D.2d 704 [2d Dept, 1986], lv den 68 N.Y.2d 603
[1986]; Matter of Sherman v Frazier, 84 A.D.2d 401 [2d Dept, 1982]). Other cases have also explicitly rejected the argument that a local law inconsistent with a provision of the State Town Law is invalid (Rich vTown of Queensbury, 88 A.D.2d 1027 [3d Dept, 1982]; Canzano v Town ofGates, 85 A.D.2d 878, 879 [4th Dept, 1981]; Klimek v Town of Ghent,71 A.D.2d 359, 361 [3d Dept, 1979]).
Having found that statutory authority exists for the enactment of the proposed moratorium, next we consider whether the moratorium is constitutionally permissible. It may be argued that the moratorium, which temporarily precludes an administrative review of whether a property owner is entitled to a use variance due to a good faith assertion of "unnecessary hardship", amounts to an unconstitutional "taking" of land without just compensation (NY Const, Art I, § 7[a]).
Generally, the constitutional validity of a zoning ordinance or local law depends on the facts of the particular case, and zoning legislation is "susceptible to constitutional challenge only if `clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare'" (Berenson v Town of New Castle,38 N.Y.2d 102, 107 [1975], quoting Euclid v Ambler Co., 272 U.S. 365, 395
[Supreme Court case establishing the validity of zoning regulations under the police power]).
Research has revealed no cases questioning the constitutionality of a temporary moratorium on the granting of use variances. The closest analogy to your proposed moratorium occurs in the area of interim or stop-gap zoning legislation which are measures to temporarily halt construction during the preparation of a comprehensive zoning plan and before the enactment of implementing legislation. The enactment of temporary restrictions pending the adoption of a permanent zoning plan is presumed to be a valid exercise of the police power where the restrictions are reasonable and related to public health, safety or general welfare. Courts have been sensitive to the practical problem and have recognized the authority of local governments "to enact reasonable stop-gap or interim zoning measures to halt, for a reasonable time, construction in areas under consideration for zoning or rezoning" (Lake Illyria Corp. vTown of Gardiner, 43 A.D.2d 386 [3d Dept, 1974]). Thus, courts have held as constitutional interim zoning legislation prohibiting the issuance of building permits provided that the "moratorium" is limited to a reasonable time (see Matter of Rubin v McAlevy, 54 Misc.2d 338 [1967], affd 29 A.D.2d 874 [2d Dept, 1968]; Matter of Hasco Constr. Corp. vDassler, 143 N.Y.S.2d 240 [1955]). In Oakwood Is. Yacht Club v City ofNew Rochelle (59 Misc.2d 355 [1969], affd no opn 36 A.D.2d 796 [2d Dept, 1971], affd no opn 29 N.Y.2d 704 [1971]), however, a six-month moratorium or ban of construction was held unconstitutional.
The Court of Appeals in Golden v Planning Bd. of Ramapo (30 N.Y.2d 359
[1972]) examined the constitutionality of a local zoning ordinance prohibiting subdivision approval except where stated facilities or services were available. Recognizing that legislation permanently restricting the use of property amounts to an unconstitutional taking, the Court stated that:
 "An appreciably different situation obtains where the restriction constitutes a temporary restriction, promising that the property may be put to a profitable use within a reasonable time . . .
 ". . . The fact that the ordinance limits the use of, and may depreciate the value of the property will not render it unconstitutional, however, unless it can be shown that the measure is either unreasonable in terms of necessity or the diminution in value is such as to be tantamount to a confiscation" (id.,
at 380-381; citations omitted).
The weight of authority seems to condone temporary restrictions on the use of property where the interim measures are part of a comprehensive zoning plan and are intended to bridge the gap before particular zoning legislation is implemented. On the other hand, there is no authority for the constitutionality of an interim zoning measure which serves no other purpose than to delay a person's use of his property. Such a temporary measure would have no substantial relation to the public interest and welfare and would therefore appear to be an arbitrary and unconstitutional exercise of the municipality's police power.
From all the foregoing, we conclude that the Municipal Home Rule Law authorizes a village to supersede a provision of the Village Law and enact a moratorium on the granting of use variances by the zoning board of appeals. As long as the moratorium is intended to aid the implementation of a zoning or rezoning plan rather than merely serving as an end to itself, this temporary restriction would not be unconstitutional, provided that the proposed moratorium is limited to a reasonable amount of time.