■ ALFRED J. MANTI et al., Respondents-Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants-Respondents. (And Another Action.)—Order, Supreme Court, New York County (Walter M. Schackman, J.), entered June 15, 1988, which, in part, both granted and denied plaintiff's motion to amend the complaint to add various parties and further allegations of defendants' unlawful acts and to serve a late amended notice of claim, unanimously modified, on the law and the facts and in the exercise of discretion, to permit the addition of Andrew Manti as a plaintiff with regard to the

sixth and seventh causes of action, and, except as thus modified, affirmed, without costs or disbursements.

The motion court denied in its entirety the application to add Andrew Manti, plaintiff's father, as a plaintiff, essentially on the ground that the Statute of Limitations had expired for all causes of action except those in equity and that insufficient facts had been alleged to show that Andrew Manti had such a cause of action. This was error. Plaintiff's sixth and seventh causes of action, both involving a Federal civil rights claim under 42 USC § 1983, are governed by a three-year Statute of Limitations. Since plaintiff moved to amend in March 1986, acts that occurred after March 1983 could be added without any Statute of Limitations problem. Therefore, the acts alleged to have occurred from August 1983 through December 1983, all of which pertain to Andrew Manti and various officers, may now be alleged since they were included in the instant motion and allowed to be asserted by the court's ruling. Thus, there is no legal bar to allowing Andrew Manti to be added as an individual plaintiff for claims which are not barred by the applicable Statute of Limitations and which may be asserted under 42 USC § 1983 without a filing of a notice of claim. Moreover, we note that the defendant Transit Authority has received actual notice of and litigated these incidents and others involving Andrew Manti as an employee, rather than in his individual capacity, going back to 1982. He has been examined in the Transit Authority's statutory hearing and by deposition, as well as at a contempt hearing. Thus, there is no prejudice in allowing him to recover personally for acts which have been part of this litigation since 1983.

As to Andrew Manti's claims for acts which occurred in the August 1982 to March 1983 period, the relation-back doctrine applies and these claims should be allowed. Where parties are united in interest an amended pleading adding such a party may be deemed to relate back to the original pleading insofar as the claims asserted in the proposed amendment arise out of the same transactions and occurrences set forth in the original pleading. *(Connell v Hayden,* 83 AD2d 30; CPLR 203 [e].) Such is the case here.

We have examined the other contentions on these cross appeals and find that they are without merit. Concur—Sullivan, J. P., Carro, Milonas and Ellerin, JJ.