Mark H. Petitte, Esq. Town Attorney, Otisco
You have asked whether a town board may authorize a moratorium on the establishment of junkyards within the town. You have explained that your town has no zoning or land use regulations or any other regulations dealing with junkyards.
Generally, a moratorium, also referred to as stop-gap zoning legislation, temporarily halts construction during revision of zoning regulations. The enactment of these temporary restrictions pending the adoption of a zoning plan is presumed to be a valid exercise of the police power where the restrictions are reasonable and related to public health, safety or general welfare. Courts have been sensitive to the practical problem that construction can defeat the purpose of planned zoning and land use revisions and have recognized the authority of local governments to enact reasonable stop-gap or interim measures to halt for a reasonable time, construction in areas under consideration for zoning or rezoning (Lake Illyria Corp. v Town of Gardiner, 43 A.D.2d 386 [3d Dept, 1974]). The courts have upheld the constitutionality of interim zoning legislation prohibiting the issuance of building permits provided that the moratorium is limited to a reasonable time (see Matter of Rubinv McAlevy, 54 Misc.2d 338 [1967], affd 29 A.D.2d 874 [2d Dept, 1968];Matter of Hasco Construction Corp. v Dassler, 143 N.Y.S.2d 240 [1955]). The courts have also recognized, however, that under certain circumstances legislation restricting the use of property amounts to an unconstitutional taking.
 "An appreciably different situation obtains where the restriction constitutes a temporary restriction, promising that the property may be put to a profitable use within a reasonable time . . .
 ". . . The fact that the ordinance limits the use of, and may depreciate the value of the property will not render it unconstitutional, however, unless it can be shown that the measure is either unreasonable in terms of necessity or the diminution in value is such as to be tantamount to a confiscation" (Golden v Planning Bd. of Ramapo, 30 N.Y.2d 359, 380-381
[1972]).
Thus, temporary restrictions on the use of property in order to plan and implement zoning or rezoning have been upheld. It is clear, however, that there is no authority for a moratorium serving no other purpose than to delay the development of property. In the absence of the consideration of a plan to zone or rezone the area, such a measure would have no relationship to the health, safety and welfare and would constitute an unconstitutional taking of property. Thus, in order for your town to authorize a moratorium on the establishment of junkyards, it is necessary that such action be part of the consideration of a plan to establish zoning or land use regulations with respect to that use. Further, the moratorium must be for a reasonable time.
We conclude that a local government may establish a moratorium on the development of land for a reasonable time during its consideration of whether to develop zoning or land use regulations.