OPINION OF THE COURT
Peter Fox Cohalan, J.
This motion by plaintiff for summary judgment striking defendant’s answer on the ground that there is no defense to the cause of action alleged in the complaint, is granted.
This is an action for a declaratory judgment that a certain Local Law No. 2 of 1990, enacted by defendant, which imposed *522 a "temporary” restriction upon the construction of any docks in town waterways until 60 days after the date of the adoption of a local waterfront revitalization plan, or May 20, 1991, whichever would be earlier, is void and of no effect. Relief is also sought to enjoin defendant from prohibiting plaintiff from erecting a dock on or adjacent to his waterfront property.
Plaintiff, Thomas Duke, owns a parcel of real property adjacent to and bordering on the navigable waters of Duck Island Harbor, located in the Incorporated Village of Asharoken, Town of Huntington, County of Suffolk, State of New York. The property is known as 11 Bevin Road, Northport, New York.
In May 1988, plaintiff sought leave from appropriate agencies for the construction of a timber dock, four feet wide and 120 feet long, extending into the waters of Duck Island Harbor, with a float at the end to provide safe dockage for plaintiff’s boat.
Eventually, a permit for the work was issued by the Department of Environmental Conservation (DEC), although in the permit process, plaintiff modified its application "to remove the floating section at the end with the outer section to support davits to hoist and lower boats into the water.”
Thereafter, on May 24, 1989, the Huntington Town Board imposed its first temporary restriction on construction of docks in town waterways until within 60 days after the date of adoption of a local waterfront revitalization plan, or March 15, 1990; this restriction was extended by further town enactment on September 10, 1990, until 60 days following the date of adoption of a local waterfront revitalization plan or May 20, 1991, whichever would be earlier (as initially stated herein). A further extension of the restriction by the Town Board on May 21, 1991 once more set 60 days from the date of adoption of the revitalization plan, or February 21, 1992, as a further moratorium on the construction.
Since 1984, the local waterfront revitalization plan has been in the process of being prepared by the firm of Halzmacher, McLendor & Murrell, P. C., Board appointee for such purposes; and a citizens advisory committee was appointed in the same year to assist in the planning.
Plaintiff seeks a declaration that the local laws enacting the moratorium are void, and are of no effect as to the property of plaintiff; he also seeks an injunction enjoining defendant from prohibiting plaintiff’s erection of the dock or requiring plain *523 tiff to secure a town permit for such erection, complaining of inordinate delay in final development of the plan, stressing that his riparian right of access to navigable water is being denied by the town’s delay, all in violation of his rights against an unconstitutional taking under the Fifth Amendment of the US Constitution and article I, § 7 of the NY Constitution. Cited is the following passage from Belle Harbor Realty Corp. v Kerr (35 NY2d 507, 511-512 [1974]), a portion of which reads:
"While we have consistently recognized the right of a municipality pursuant to its police powers to prevent conditions dangerous to public health and welfare (see, e.g., Matter of Wulfsohn v. Burden, 241 N. Y. 288; Shepard v. Village of Skaneateles, 300 N. Y. 115; Rodgers v. Village of Tarrytown, 302 N. Y. 115; 1 Rathkopf, Law of Zoning and Planning, ch. 2 [1973 Supp.]) we have also insisted that any such restrictions or limitations must be kept ' "within the limits of necessity” ’. (Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222, 230; People ex rel. St. Albans-Springfield Corp. v. Connell, 257 N. Y. 73.)
"Consequently a municipality may not invoke its police powers solely as a pretext to assuage strident community opposition. To justify interference with the beneficial enjoyment of property the municipality must establish that it has acted in response to a dire necessity, that its action is reasonably calculated to alleviate or prevent the crisis condition, and that it is presently taking steps to rectify the problem. When the general police power is invoked under such circumstances it must be considered an emergency measure and is circumscribed by the exigencies of that emergency.”
Plaintiff argues that no "dire necessity” to restrict dock building exists; that his proposed dock has been reviewed and approved by the U.S. Army Corps of Engineers and the State DEC, that "this moratorium is in place merely to assuage a small group of people who want no further waterfront development and care not what the public cost or the damage caused to waterfront property owners.”
Defendant points out that the purpose of the moratorium is to permit time for the development of a policy necessary to protect the harbor and waterways, and to preserve natural marine resources. The Director of Planning for the town submitted an affidavit stating that an informal hearing was held in July 1990 regarding the local waterfront revitalization *524 plan and a draft environmental impact statement was prepared; this was followed by a public hearing before the Town Board which assigned the plan to the Planning Department for rewriting; and that work sessions and letters "have been exchanged to try and set a direction for the Town and Village to follow in drawing the plan.” The foregoing was as of March 25,1991.
Inasmuch as defendant has had an embryonic plan for protecting its harbors since 1984, without coming up with a definite plan, and without expectation of one in the indefinite future, the defendant’s legislative limitation on plaintiiFs right to use his property, now halted for a period extending over three years by virtue of the moratoriums, is considered excessive and unconstitutionally void.
From Lakeview Apts. v Town of Stamford (108 AD2d 914 [2d Dept 1985]): "Although interim or stop-gap legislation is permissible in order to maintain the status quo pending the preparation and enactment of a comprehensive zoning ordinance, the life of such legislation may not exceed a reasonable period of time (Matter of Russo v New York State Dept. of Envtl. Conservation, 55 AD2d 935). While the town points to progress that has been made including the adoption of a master plan in 1980, and the completion of a preliminary draft of a zoning ordinance in December, 1983 (one month after appellants’ application for a variance was denied), we regard the lapse of time as excessive and the limitation upon the use of property as unconstitutional and void. The justifications asserted for the delay are without merit.”
To substantially the same effect, see Lake Illyria Corp. v Town of Gardiner (43 AD2d 386 [3d Dept 1974]).
The lack of merit in the delays is especially evident when the test for restrictions such as here imposed by defendant, as set forth in the Belle Harbor Realty case (supra) are reviewed. Thus, no dire necessity, no crisis condition, nor an emergency situation have been demonstrated by defendant.
Plaintiff’s motion for summary judgment is granted; Local Laws, 1989, No. 3 and Local Laws, 1990, No. 2 of defendant Town of Huntington have expired by their own time limitation, but Local Laws, 1991, No. 3 is now held to be void and of no effect as to the lands of plaintiff, the subject of this action across which plaintiff has riparian rights of access; defendant *525 is enjoined from prohibiting plaintiff from erecting a dock on or adjacent to his property as permitted by the State DEC; and defendant shall issue a permit to plaintiff for the construction of the proposed dock and his dockage of boats in connection therewith.