■ In the Matter of JOHN A. WARD et al., Appellants, v ROGER BENNETT et al., Respondents. [625 NYS2d 609] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York, dated November 22, 1988, which denied the petitioners' application under General City Law § 35 to permit the erection of a one-family dwelling on their property, the petitioners appeal from so much of an order and judgment (one paper) of the Supreme Court, Richmond County (Leone, J.), dated April 14, 1993, as granted the cross motion of the respondents pursuant to CPLR 3211 (a) (7) to dismiss the

proceeding in its entirety and denied the branch of their motion which was for leave to amend their pleadings to add a cause of action under 42 USC § 1983.

Ordered that the order and judgment is reversed insofar as appealed from, with costs, the branch of the petitioners' motion which was for leave to amend their pleadings is granted and the cross motion is denied; and it is further

Ordered that the proceeding is converted into an action for a judgment declaring that the denial of the petitioners' application for a permit pursuant to General City Law § 35 constituted a taking without just compensation; and it is further

Ordered that the matter is remitted to the Supreme Court, Richmond County, for further proceeding consistent herewith.

On a prior appeal this Court confirmed the determination of the Board of Standards and Appeals of the City of New York which denied the petitioners' application under General City Law § 35 to erect a one-family dwelling on their property. The Court also found that the petitioners' claim that the denial of their application constituted a taking of their property without just compensation, was not ripe for judicial review (see, Matter of Ward v Bennett, 174 AD2d 681). The Court of Appeals, affirming in part and reversing in part, found that the petitioners' taking claim was ripe for judicial review and remitted the matter to the Supreme Court, Richmond County, for further proceedings (see, Matter of Ward v Bennett, 79 NY2d 394). Thereafter, the petitioners moved before the Supreme Court, Richmond County, to restore the proceeding to the calendar and to add a cause of action based upon 42 USC § 1983. The respondents cross-moved pursuant to CPLR 3211 (a) (7) to dismiss the petition, asserting, inter alia, that the petition failed to allege an unconstitutional taking and that the petitioners could never prove such a claim since they purchased their property in 1966 with knowledge of the paper street called North Burgher Avenue which was depicted on a map filed in 1944. The Supreme Court granted the petitioners' motion to restore the proceeding to the calendar but then granted the respondents' cross-motion to dismiss the petition, finding that: (1) the petitioners failed to submit any evidence that their property could not produce a reasonable return under any permissible use; and (2) the petitioners could never prove an unconstitutional taking because they knew, at the time of their purchase, that the property was mapped for future development.

The Supreme Court erred in converting the respondents'

CPLR 3211 (a) (7) cross motion to dismiss into a motion for summary judgment pursuant to CPLR 3211 (c) without any request by the parties, without notice to the parties, and without giving the petitioners any opportunity to make an appropriate record (see, CPLR 3211 [c]; *Mihlovan v Grozavu,* 72 NY2d 506, 508; *Sopesis Constr. v Solomon,* 199 AD2d 491, 492; compare, *Dawson v Higgins,* 197 AD2d 127, 137). The record does not indicate that the parties charted a "summary judgment course" of action (see, *Mihlovan v Grozavu, supra).*

In addition, the Supreme Court erred in ignoring the petitioners' claim of a de facto taking. A de facto taking is a permanent ouster of the owner or a permanent physical or legal interference with the owner's physical use, possession, and enjoyment of the property by one having condemnation powers (see, *City of Buffalo v Clement Co.,* 28 NY2d 241, 254-255; *Carr v Town of Fleming,* 122 AD2d 540). Pursuant to General City Law § 35, the respondents could either condemn within a period of 10 years after the filing of the paper map in 1944, or they could grant the petitioners a permit to build (see, General City Law § 35). The purpose of General City Law § 35 is to allow the City to plan for the future without being compelled to immediately acquire title from the owner, while temporarily restricting the owner's use in order to provide for such planning (see, *Headley v City of Rochester,* 272 NY 197, 205; *Rochester Bus. Inst. v City of Rochester,* 25 AD2d 97, 101). While the City has the power to temporarily restrict the use of land without compensation, for the purpose of conducting studies toward a comprehensive regulatory scheme, the duration of such a period cannot be unreasonable (see, *Matter of Russo v New York State Dept. of Envtl. Conservation,* 55 AD2d 935, citing *Matter of Rubin v McAlevey,* 54 Misc 2d 338, *affd* 29 AD2d 874; *de St. Aubin v Biggane,* 51 AD2d 1054, 1055, citing *Matter of Rubin v McAlevey, supra).*

In this case, the petitioners allege that the mapping of their property, the respondents' determination denying their application for a building permit under General City Law § 35, and the denial of that portion of their prior appeal which was to annul the respondents' determination, prevented them from utilizing their land in any manner under the minimum zoning law requirements, and that the respondents did not plan to condemn the property and the paper street was never opened, acquired, or dedicated. According to the petition and supporting documents annexed thereto, this state of affairs has existed since the filing of the map in 1944, a period of 50 years, and since the petitioners purchased the property in 1966, a

period of almost 30 years. The facts alleged in the petitioners' pleading therefore established, prima facie, a de facto taking of their property by the respondents (see, Jensen v City of New York, 42 NY2d 1079, 1080, quoting Roer Constr. Corp. v City of New Rochelle, 207 Misc 46, 51; see also, Archer Gardens v Brooklyn Ctr. Dev. Corp., 468 F Supp 609, 612-613; Jensen v City of New York, supra, at 1082, citing Arverne Bay Constr. Co. v Thatcher, 278 NY 222, 232; Matter of Russo v New York State Dept. of Envtl. Conservation, 55 AD2d 935, supra; de St. Aubin v Biggane, 51 AD2d 1054, 1055, supra; compare, Rochester Bus. Inst. v City of Rochester, 25 AD2d 97, 102, supra).

Furthermore, the allegations of the petition demonstrated a "categorical" regulatory taking based on the denial of all economically beneficial or productive uses of the property, and the reference in the petitioners' deed to the 1944 map, did not preclude such a claim (see, Lucas v South Carolina Coastal Council, 505 US 1003, 1014-1018; Pompa Constr. Corp. v City of Saratoga Springs, 706 F2d 418, 425; de St. Aubin v Flacke, 68 NY2d 66, 70; Vernon Park Realty v City of Mount Vernon, 307 NY 493; Headley v City of Rochester, 272 NY, at 197, 205, supra; Petosa v City of New York, 135 AD2d 800, 802). The deed does not contain any express statement that the petitioners' property could never be used for the construction of a single-family dwelling as permitted under the zoning laws (see, Lucas v South Carolina Coastal Council, supra). Instead, the deed simply put the petitioners on notice that a portion of their property might, within 10 years of the map filing, be used as a street and that either they would be paid compensation for that use or they would be granted a permit to build on their property (see, General City Law § 35).

Since the respondents have now finally declared "off-limits" all economically beneficial or productive uses of the land, they must pay compensation (Lucas v South Carolina Coastal Council, 505 US, at 1027-1028, supra). Absent any express limitation in the deed, and in light of the purpose of General City Law § 35, the respondents may not propound the notion "that [the petitioners] title is somehow held subject to the 'implied limitation' that * * * the [respondents] may subsequently eliminate all economically valuable use[s]" in contravention of the Takings Clause of the Federal and State Constitutions (Lucas v South Carolina Coastal Council, 505 US 1003, at 1028, 120 L Ed 2d 798, at 820, supra). Accordingly, the petitioners demonstrated prima facie entitlement to appropriate relief on their de facto and categorical regulatory

taking claims *(see, Matter of Ward v Bennett,* 174 AD2d 681, 682, *supra).*

Finally, the Supreme Court erred in failing to grant the petitioners leave to amend their petition to add a cause of action based on 42 USC § 1983 *(see,* CPLR 3025 [b]; *Duffy v Horton Mem. Hosp.,* 66 NY2d 473; *Omni Group Farms v County of Cayuga,* 199 AD2d 1033; *Lawless v City of Buffalo,* 177 AD2d 1007; *Manti v New York City Tr. Auth.,* 146 AD2d 551).* The respondents failed to demonstrate any prejudice or surprise by the petitioners' delay in seeking the amendment *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959; *Omni Group Farms v County of Cayuga, supra).* The 42 USC § 1983 cause of action arises out of the same transactions and occurrences as the cause of action based on the unconstitutional taking so it will relate back to the date of the original petition and is timely *(see,* CPLR 203 [e]; *Wilson v Garcia,* 471 US 261, 266-267; *Adamson v City of Provo,* 819 F Supp 934, 941; *423 S. Salina St. v City of Syracuse,* 68 NY2d 474, *cert denied* 481 US 1008; *Duffy v Horton Mem. Hosp.,* 66 NY2d 473, 476, *supra; Lawless v City of Buffalo,* 177 AD2d 1007, *supra; Manti v New York City Tr. Auth.,* 146 AD2d 551, *supra; see also, Archer Gardens v Brooklyn Ctr. Dev. Corp.,* 468 F Supp 609, *supra).*

We have considered the respondents' remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.