Order, Supreme Court, New York County (Joan M. Kenney, *544 J.), entered August 23, 2012, which denied plaintiffs motion to amend the complaint to substitute the name of the subrogor Vital Equities, LLC with the name Vintage Realty LLC, unanimously reversed, on the law, without costs, the motion granted, and Vintage Realty LLC substituted as subrogor. Order, same court and Justice, entered November 8, 2012, which, to the extent appealable, granted defendant’s cross motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion to dismiss the complaint denied. Appeal from order, same court and Justice, entered April 18, 2013, which denied plaintiff’s motion denominated as one to renew and reargue the November 8, 2012 order, unanimously dismissed, without costs, as academic.
Plaintiff subrogee’s failure to name the correct subrogor “is not fatal” to its claim since the subrogee is the real party in interest, it timely instituted this action after it paid the fire damage claims for the loss incurred at the premises, and there is no prejudice to defendants (Continental Ins. Co. v Marx Co., 220 AD2d 343, 344 [1995]). Consequently, pursuant to the courts’ power to correct errors (CPLR 2001), plaintiffs motion should have been granted.
From the commencement of this litigation, defendants were provided with documentation identifying both Vintage Realty LLC and Vital Equities LLC as named insureds, including an insurance policy that was specifically amended to show that Vintage Realty was a named insured with respect to the damaged property. Moreover, all relevant facts, including the damage calculation to the subject property, remained unchanged.
Defendants claim that they have the right to “investigate or depose Vintage’s manager or other person’s with knowledge of Vintage’s procedures and responsibilities of maintaining the [damaged] premises,” yet they deposed the building’s superintendent who was admittedly responsible for the building’s maintenance. If defendants now need to question Vintage’s manager, it is difficult to see how this will substantially delay the litigation or cause any prejudice.
Dismissal of the complaint was improper since Greenwich is the true party in interest (see Continental Ins. Co., 220 AD2d at 344), and Vintage Realty LLC and Vital Equities, LLC, operating under the same managing member, are related (see Manti v New York City Tr. Auth., 146 AD2d 551, 552 [1st Dept 1989]). Concur — Gonzalez, P.J., Tom, Ren wick, Freedman and Clark, JJ.